124 So.2d 463

**CITY OF MOBILE et al.**

v.

**Baker SORRELL.**

**I Div. 844.**

Supreme Court of Alabama.

Nov. 17, 1960.

Sullivan & Cameron, Jos. C. Sullivan, Mobile, for appellee.

Fred G. Collins, Mobile, for appellants.

SIMPSON, Justice.

Baker Sorrell, appellee, is owner of a lot of land situated at the Southwest intersection of Tanner-Williams Road and Arnold Road, Mobile County, Alabama. Appellee purchased this land on June 1, 1956. The same is located some 10 miles from the Mobile County Court House and at the time of the purchase of the same by appellee, it was located outside the corporate limits of the City of Mobile. Subsequent to the purchase of the land by appellee the property was annexed by Legislative Act to the City of Mobile. It then fell into the classification of Zone R–1 (single family dwelling) by virtue of a zoning ordinance adopted January 23, 1951, which provided that any territory thereafter annexed to the City of Mobile would be classified as R–1. On January 8, 1958, appellee made application

to the Mobile City Planning Commission to rezone the property from R-1 to C-1 (neighborhood shopping district).

On February 6, 1958, the Mobile City Planning Commission declined appellee's application to rezone this property on the ground that the site was not large enough to comply as a neighborhood shopping district in itself, but advised appellee that if he would get the adjoining property owners to join with him in reapplying and would get a petition signed by the surrounding property owners, there would be no objection to such rezoning and that it would recommend the rezoning of this property and his neighbors' property to C-1. Appellee secured the petition signed by the property owners in the vicinity that they had no objection to rezoning of appellee's property to C-1 classification. After the petition signed by the surrounding property owners was filed, appellee made another application with the Mobile City Planning Commission (which application was joined in by owners of property immediately adjacent to appellee's and immediately across the road from appellee's). Subsequently, the Mobile City Planning Commission recommended that the property covered in the joining application be rezoned to C-1 on condition that a plat be placed on record in the office of the Judge of Probate dedicating a right of way necessary to bring Arnold Road and Tanner-Williams Road up to 100 feet in width, and that an additional 40 feet be dedicated for parallel service roads and that a 30 foot planting easement on the rear and sides of said property be reserved, and on the further condition that the property be zoned only to a depth of 250 feet from Tanner-Williams Road.

Due to the conditions thus placed upon the rezoning classification granted by the Planning Commission, the property owners who had joined appellee in his application advised him that they were unable to comply with the same.

Thereupon appellee petitioned the Board of Zoning Adjustment of the City of Mobile to grant a use variance on property owned by him (the property in question). The use variance was granted and the City of Mobile appealed to the Circuit Court of Mobile County, Alabama, from such ruling by the Board of Zoning Adjustment. Following this appeal to the Circuit Court a hearing was had ore tenus before the court, and thereafter the court rendered judgment granting the application of appellee for the use variance as prayed.

The City of Mobile thereupon filed a motion for a new trial which was denied and from this judgment the City brings this appeal. It is noticed that this appeal is by the City from a ruling of its own Board of Adjustment. No question is raised with reference to this procedure, so we will pretermit any consideration of it.

It is not contested by the appellant that boards of adjustment may in order to prevent unnecessary hardship make adjustments in a zoning ordinance even to the extent of authorizing nonconforming uses. This court has previously held in Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244, 251 that such is authorized, saying:

> "We are of the opinion that § 781, Title 37, Code of 1940, properly empowers the boards of adjustment to determine that in a particular situation the zoning ordinance should not be applied literally, and to that end the board should make proper adjustment to prevent unnecessary hardship, even to the extent of authorizing nonconforming uses."

■ Therefore, the only question for our determination is whether the action by the Board of Adjustment in this case (and the Circuit Court in affirming the Board's action) was justified to prevent an unnecessary hardship insofar as appellee is concerned. In other words, what constitutes an unnecessary hardship? This necessarily must be determined from the facts of the particular case. The term has been variously defined, but one statement we like and approve is:

"No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone." Brackett v. Board of Appeal, 311 Mass. 52, 39 N.E. 2d 956, 961.

See further cases at 168 A.L.R. 25 et seq.

In the case at hand the record discloses that the property immediately next door to appellee's is used for a real estate office; the property diagonally across the road is used for mercantile purposes and for filling station purposes; the property located some 300 feet south of the property of appellee is used for an acetylene and electric welding shop, etc. The trial judge, after hearing all of the evidence offered by both parties, found as follows:

"(a) That Petitioner, Baker Sorrell, is entitled to the use variance so applied for; (b) That in the immediate vicinity of the Southwest intersection of Tanner Williams Road and Arnold Road, Mobile, Alabama, there are business establishments in the nature of stores, gasoline pumps, a real estate office and a machine shop, and that said area is sparsely inhabited with single family residences; (c) That the construction of a gasoline service station at said location will not depreciate the value of the property in the vicinity thereof, but on the contrary, in view of the other business establishments in said vicinity, will add to the value of said property in said vicinity; * * * (e) That the literal enforcement of the provisions of the ordinance classifying said property as R–1 (one family residence district) preventing the Petitioner, Baker Sorrell, from constructing a gasoline station on said property, will work an unnecessary hardship on the Petitioner; (f) That said variance will not be contrary to public interest and will not violate the spirit of the ordinance so zoning said property."

We quite agree with the trial court that the circumstances related above, including the fact that the subject property was not in the City of Mobile when appellee purchased it for the stated purpose, made a clear case of unnecessary hardship within the meaning of our cases. Nelson v. Donaldson, supra; Board of Zoning Adjustment, etc. v. Boykin, 265 Ala. 504, 92 So. 2d 906.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.