222 So.2d 353

**Emerson PRIEST et al.**

v.

**Gladys GRIFFIN et al.**

8 Div. 241.

Supreme Court of Alabama.

April 10, 1969.

Rehearing Denied May 8, 1969.

Mitchell, Poellnitz, Cox, Robison & McBurney, Florence, for appellants.

Keller & Hill, Florence, for appellees.

PER CURIAM.

This appeal by forty-six·complaining residents is from a judgment of the Circuit Court of Lauderdale County granting a variance from the terms of a zoning ordinance duly adopted by the City of Florence wherein certain real property had been classified as a residential area. The trial court, contrary to a prior ruling of the zoning board (in a split decision), authorized a variance for the purpose of allowing the construction and operation (under guidance of the trial court) of a funeral home and chapel on the subject property.

·The·original petition was filed with the zoning board by Spry Burial Insurance Company, Inc., and Mrs. Gladys Griffin. The Spry Company (to which we will hereafter refer as Spry) is the proposed builder of the funeral home, while Mrs. Griffin, along with another, is under contract to sell the subject property (2.6 acres) to Spry.

The appeal from the decision of the board denying the petition for a variance

is authorized by § 783, Title 37, Code 1940, as Recompiled in 1958. The powers of the board of zoning adjustment to grant a variance appear in § 781, Title 37, Code 1940, as Recompiled in 1958. We quote a pertinent part of said section:

"* * * The board of adjustment shall have the following powers: * * * To hear and decide special exceptions to the terms of the terms of the [sic] [zoning] ordinance upon which such board is required to pass under such ordinance. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance will be observed and substantial justice done. * * *"

Any party aggrieved by the final judgment or decision of the board of zoning adjustment may, within fifteen days, appeal to the circuit court or court of like jurisdiction, where the cause shall be tried *de novo*.

The appeal was taken and the cause tried *de novo* by the circuit court pursuant to § 783, Title 37, Code 1940, as Recompiled in 1958. The cause was thoroughly and vigorously contested in the circuit court through the medium of capable lawyers and before a jurist of considerable ability and judicial learning. The appeal here is well briefed by both sides.

We find there is diversity of judicial opinion among appellate jurisdictions outside of Alabama with respect to granting or denying a petition for a variance. We are not disposed to burden this opinion with a collation of these diverse opinions, but suffice it to say that we have reviewed the judicial thoughts expressed in many of these cases without departing from the judicial concept of this court as expressed in Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244, which we think adequately lays down basic guidelines for this jurisdiction.

We think this court should be very hesitant and reluctant to disturb by variance an existing zoning ordinance, enacted by a city governing body sitting in a legislative capacity, and the decision of the zoning board of adjustment, unless we are clearly convinced from all the evidence before the trial court and appearing in the record that the variance will not be contrary to the public interest (and the interest of the people in a given use district) and, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship. —§ 781, Title 37, *supra*. It is to be noted here that the public interest is to be weighed along with the interest of the people in the classified district.—Nelson v. Donaldson, *supra*.

While the interest of the public as affected by the contrary interest of the people within the district is a factor to be considered, the pivotal and primary question or issue is whether or not, due to special conditions, a literal enforcement of the ordinance establishing the residential district will result in unnecessary hardship.

Much of the evidence before the trial court is devoted to proving and denying the existence of special conditions. The petitioners sought to prove by competent evidence that the City of Florence is in need of the services of a second modern funeral home that is well located to serve the public. The evidence tends to support proponents' contention that the proposed location is central and will not interfere with traffic or produce traffic hazards or congestion in the area of such location. There was some evidence to the contrary. Also evidence was adduced to show the quiet and unobtrusive manner in which the funeral home would be operated, the architectural design and the landscaping proposed to the end that the structure and the landscaping would blend and harmonize with the residences and other structures

(churches) of the surrounding area within the district. In other words, the petitioners sought to establish that the funeral home, its premises and its manner of operation would be modern in every respect and inoffensive to the residents in the area. While the architecture and landscaping of a structure may reduce or mitigate the impact, such appearance does not conceal the fact that the structure is used for a funeral home, to which a vast number of people not engaged in operating a place of this kind are sensitive and have psychological opposition. Such presence and operation, so the opponents contend, obtrudes on their mental privacy and relaxation and is depressing. They feel that they will get to their burial grave soon enough without being reminded of it every day by the operation of a funeral home. But such operation is not a nuisance *per se*.

■ For the purpose of promoting the health, safety, morals and general welfare, the legislature of Alabama in 1935 empowered the legislative bodies of incorporated cities and towns to pass zoning ordinances. The governing body in considering a zoning ordinance, as in the case of any ordinance, acts in a legislative capacity.—Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388. The wisdom of the zoning ordinance in a large measure rests in the wise discretion of the city authority.— Fleetwood Development Corp. et al. v. City of Vestavia Hills, 282 Ala. 439, 212 So.2d 693.

■ The legislature authorized a board of zoning adjustment (and the circuit court, on appeal) to determine that in a particular situation the zoning ordinance should not be applied literally, and to that end the board should make a proper adjustment to prevent unnecessary hardship, even to the extent of authorizing nonconforming uses. We said in Nelson v. Donaldson, *supra*, 255 Ala. 83–84, 50 So.2d 251:

"* * * In order to prevent injustice, oppression, arbitrary application and to promote 'the public interest,' the board of adjustment has the power to find, under a certain set of facts, that the literal application of the ordinance would not be within the spirit of the ordinance. In other words, having in mind the public interest, and the interest of the people in a given use district, the legislature intended that so long as no oppression or unnecessarily great burden exists, and, therefore, no great individual injustice done, the ordinance should be applied strictly; but, on the other hand, if the situation is such as to indicate oppression and unnecessary individual burden, then the spirit of the ordinance would not be in accordance with the spirit of the law, that it should not be applied strictly and literally."

Quoted with approval in City of Mobile et al. v. Sorrell, 271 Ala. 468, 124 So.2d 463, is a statement appearing in Brackett v. Board of Appeal, 311 Mass. 52, 39 N.E.2d 956, 961:

"No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone."

It is further said in Nelson v. Donaldson, *supra*, 255 Ala. 84, 50 So.2d 251:

"Variances from the terms of the zoning ordinance should be permitted only under peculiar and exceptional circumstances. Hardship alone is not sufficient. The statute says 'unnecessary hardship,' and mere financial loss of a kind which might be common to all of the property owners in a use district is not an 'unnecessary hardship.'"

■ We fail to find any evidence that Mrs. Griffin has suffered a financial loss of a kind uncommon to all the property owners in the district. It is possibly true

that because the district was zoned for residential purposes, Mrs. Griffin has suffered a financial loss in the limiting of the use of the property. The same could be true of the other owners in the area. Mrs. Griffin's property, due to its size and irregular shape, may have less value than some other lots in the area for residential or other uses consistent with the zoning ordinance. But that is a matter supporting her complaint, if any, before the city authorities in opposition to the zoning of the area. It does not appear to us that the subject area is unfit for conforming use, although such use may not be as inviting and the lots as desirable as some other lots in the use district. But such depreciated value does not fall within the class of peculiar and exceptional circumstances necessary to sustain the granting of a variance. If so, property owners desiring to sell their lots in a use zone at a premium for nonconforming purposes would frequently seek variances, the granting of which would tend to destroy or greatly impair the whole system of zoning.

■ The Spry Company has only a contract of purchase for Mrs. Griffin's property at a substantial consideration, far in excess of that which could be obtained if the property were sold for residential purposes. Spry wants this property for its convenience and location and is willing to pay a very substantial sum therefor. The operation of a funeral .home at this point no doubt would be far more remunerative than at some other location distantly removed. Potential loss of profits visits no unnecessary hardship on Spry.

■ It is true that public interest might better be subserved if Spry were granted a variance and allowed to intrude its business in this residential section, which the city authorities in the exercise of their wisdom set apart as a residence area. But the interest of the people in the use district must also be considered.—Nelson v. Donaldson, *supra*. We think the latter interest tends to modify or offset the weight of public interest. Such interest is one factor to be considered, but it is not controlling. In the absence of oppression or a great burden, and no great individual injustice, coupled with an unnecessary hardship, the variance should not be granted. We fail to note from the evidence that any of these factors exist.

■ It is our opinion that variances should be sparingly granted, and that the spirit of the zoning ordinance in harmony with the spirit of the law should be carefully preserved, to the end that the structure of a zoning ordinance would not disintegrate and fall apart by constant erosion at the hands of a board of zoning adjustment or the courts. If the city governing body has acted unwisely in the exercise of its zoning prerogative, an appeal to that legislative body, and not to the board of zoning adjustment or the courts, should be made to correct the mistake or unwisdom.

After a careful examination of the evidence as narrated in the briefs of the parties to this appeal, and after a review of the trial judge's opinion, we conclude that the facts, in the light of Nelson v. Donaldson, *supra,* and other Alabama cases, do not warrant a variance.

The judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.