This is a zoning case.
Complaining residents appeal from a judgment of the Circuit Court of Mobile County granting a variance from the city zoning ordinance. The subject property had been zoned "single family residential." The trial court, contrary to a prior ruling of the zoning board, granted a variance for the purpose of allowing the operation of a doctor's office.
In its decree the trial court found as a fact that to deny the variance would work an unnecessary hardship on the subject property and to grant the variance would not downgrade the neighborhood.
The dispositive issue on appeal is whether the judgment so preponderates against the evidence as to be plainly and palpably erroneous. We find that the trial court did not commit reversible error and affirm.
A review of the record reveals the following:
The plaintiff's house is an old frame dwelling located on the corner of a heavily traveled street. The property had been occupied by the plaintiff's mother until her death, approximately six years prior to application for the variance. This property and the immediate area is zoned to permit single family dwellings. However, the plaintiff's house and numerous others in the area have been converted into multi-family units. In fact, the adjoining lot to the east has five apartment units, a duplex apartment is on the lot to the south and many other multi-family dwellings exist in the immediate vicinity. The subject property itself has been divided into four apartments and leased in that fashion for approximately twenty years. A few hundred feet away from this residential zone is a substantial amount of commercial property.
The plaintiff's house is in a bad state of repair. There was evidence that a very substantial sum of money would be required to restore the house or renovate it for use as a single family residence.
The plaintiff has attempted to sell the property as a residence subsequent to his mother's death and has listed it with several local realtors. However, no buyer has been found. The plaintiff testified that the total income derived from full occupancy from the property is $445 per month, but the costs of maintaining the yard and house, and property taxes render the venture unprofitable.
In a zoning situation, such as we have here, the pivotal and primary question or issue is whether, due to special conditions, a literal enforcement of a zoning ordinance establishing a residential district will result in unnecessary hardship. Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969). *Page 88 
As indicated above, the trial court found that to deny the variance would work an unnecessary hardship on the subject property.
We note that when evidence is heard ore tenus, the findings of the trial court are presumed correct and will not be set aside except for plain and palpable abuse of discretion. Dyerv. Board of Zoning Adjustment Appeals, 45 Ala. App. 696,236 So.2d 705 (1970). In this instance, we cannot say that the trial court erred in finding that a denial of the variance would work an unnecessary hardship on the plaintiff. Clearly, the subject property is presently unfit for conforming use as a single family dwelling. A great amount of time and money would be required to renovate the property for use as a single family dwelling. The plaintiff does not live in the house and has attempted to sell the house as a residence for a number of years. These factors, and the facts stated above, when taken together, indicate that the subject property cannot reasonably be put to a conforming use and thus the trial court's finding was not erroneous. See Priest.
The trial court also found, as indicated above, that granting the variance would not downgrade the neighborhood. The interest of the public as affected by the contrary interest of the people within a district is a factor to be considered in determining whether to grant a variance. Priest.
The record reveals that the area is presently noisy during the day and at night because it abuts a main thoroughfare, children walk through the area on their way to and from school and the people living in the apartments come and go continually. There was testimony by a real estate appraiser that it would be better for the neighborhood to have a doctor's office on the subject property than it would be to continue the apartment leasing. Additionally, there was testimony that a variance would have no adverse effect on property values.
The proposed buyer, a cardiologist, testified that the subject property is large enough to provide adequate off-street parking for all patients and that no more than twenty patients would be seen on any one day. Additionally, he testified that office hours would be limited to four days during the week. Thus, there would be no nighttime traffic as has existed from the multifamily use.
We think it significant that the trial court's order reflected the testimony of the doctor in placing restrictions on the variance. That is, the order requires that all parking must be on the subject property. In addition the character of the building must be kept consistent with the present structure and a fence must be erected to provide privacy to the adjoining owners.
Again, the trial court's finding will not be set aside except for plain and palpable error. Dyer. In this instance there was no error in finding that the variance would not downgrade the neighborhood. Clearly, the evidence indicates that there would be very little increase in traffic or noise. The variance will not depreciate property values. The restrictions on the variance will insure the adjoining owners' privacy and that the neighborhood will retain its architectural character. Thus, the public interest in allowing the property to be used for a needed and necessary use, a doctor's office, is not outweighed by any considerations of a contrary interest of the people within the restricted zone.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 89