This is a zoning case.
The Circuit Court of Mobile County determined that the zoning ordinances of Chickasaw, Alabama, prohibited the property owners from renting a garage apartment to a second family as living quarters in an area zoned for one- and two-family lots. The trial court also denied the property owners a use variance. The property owners now bring this appeal.
On appeal the property owners contend that the Chickasaw zoning ordinances do not prohibit the use of garage apartments as living quarters for a second family in one- and two-family residential zones. Alternatively, the property owners contend that if garage apartments are prohibited, a variance should have been allowed nonetheless.
The property owners own a lot with a single family dwelling and detached garage. The garage has living quarters over the area where the automobiles are kept. The garage apartment has a kitchen and a bathroom and its own utility connections.
After purchasing the lot, the property owners were informed by the city that the garage apartment could not be rented to a second family as living quarters because the zoning ordinances prohibited it. The property owners then brought the matter before the Board of Adjustment to contest the ruling or, failing that, to obtain a variance. The Board of Adjustment affirmed the administrative ruling and the property owners appealed that decision to the Circuit Court of Mobile County. *Page 911 
The circuit court upheld the Board of Adjustment's ruling and denied the property owners' request. The property owners now appeal to this court. We find no error requiring reversal and affirm.
First, we note that construction of a zoning ordinance is a question of law. Civitans Care, Inc. v. Board of Adjustment,437 So.2d 540 (Ala.Civ.App. 1983). Statutes or ordinances which impose restrictions on the use of private property are strictly construed and their scope cannot be extended to include limitations not therein included or prescribed. Civitans Care,Inc. v. Board of Adjustment, 437 So.2d 540 (Ala.Civ.App. 1983).
The garage apartment in the instant case is located on a lot zoned R.2, a one- and two-family residential district. The ordinances give a general description of R. 2 as being a zone where the "principal uses of land may range from single family to two-family, semi-attached buildings." The ordinances define a two-family semi-attached building as having a common wall. The garage in this instance is detached.
The ordinance concerning permitted building and land uses is more specific. That section reads:
 "Property and buildings in an R. 2 One and Two Family Residential District shall be used only for the following purposes:
 1. Any use permitted in an R. 1 Single Family Residential District.
2. Semi-attached two family dwelling.
3. Private day nurseries and kindergartens.
 4. Accessory buildings and/or uses customarily incidental to the above uses when located on the same lot." (Emphasis supplied.)
The above ordinance clearly indicates that the only permitted uses are those listed. It has been stated previously that courts must recognize that zoning is a legislative function committed to the sound discretion of municipal legislative bodies and not to the courts. Local governing authorities are presumed to have a superior opportunity to know and consider the interests involved and to consider the general welfare of the area involved. City of Birmingham v. Morris, 396 So.2d 53
(Ala. 1981). In short, the municipal legislative body of Chickasaw has seen fit to limit the R.2 zone as stated above and absent a showing that the particular restrictions are arbitrary or capricious, which we do not find, the legislative body's discretion will not be diminished by judicial interference. City of Birmingham v. Morris, 396 So.2d 53 (Ala. 1981). In other words, the legislative body of Chickasaw has the power to impose any restrictions or limitations on land and building use as long as such limits are not capricious or arbitrary.
That being so, we must now look to see if a detached garage apartment fits any of the categories of permitted uses. We find that it does not.
The first category permits any use allowed in R. 1 single-family districts. Those uses are limited, insofar as we are concerned, to single family dwellings and accessory structures, but not including house trailers or mobile homes. That section is not applicable in that two families will be on one lot if the garage apartment is rented.
The second permitted use allows two-family dwellings but they must be semi-attached. As mentioned previously, the garage apartment in question does not fit that definition.
The third category is obviously not applicable.
The property owners, through able and distinguished counsel, argue strongly that the garage apartment is allowed under the fourth category permitting accessory buildings and/or uses customarily incidental to the above uses when located on the same lot. We are not convinced.
The Chickasaw zoning ordinances define accessory building and accessory use as:
 "(b) ACCESSORY BUILDING OR STRUCTURE: A subordinate building or portion of a main building, the use of which is incidental to that of the main building or structure. *Page 912 
 "(c) ACCESSORY USE: A use customarily incidental, appropriate and subordinate in the principal use of land or building and devoted exclusively to the main use of the premises." (Emphasis supplied.)
Taking the ordinary meanings of the words and giving them a reasonable interpretation in the context of the zoning laws, a garage apartment does not fit in the above definitions.
If the garage or accessory building is used by a second family as a dwelling place, the use is no longer "incidental" to the main use; the garage apartment's principal use is as a dwelling place separate and apart from the main building. The property owner's contention that the garage is principally a storage area for automobiles and secondarily a dwelling place is not a reasonable construction of the ordinance. Therefore, the use of the garage as a dwelling place is not permitted under the fourth category. The legislative body of Chickasaw has seen fit to restrict the use of land and property, as seen above, which it has the power to do. A reasonable interpretation of those restrictions excludes detached garage apartments as a permitted use.
The property owners' second and final contention is that the trial court erred in refusing to grant a use variance. We find no error and affirm.
In situations where a variance is at issue, the primary question is whether due to special conditions, a literal enforcement of a zoning ordinance will result in unnecessary hardships. Pipes v. Adams, 381 So.2d 86 (Ala.Civ.App. 1980). Whether a variance should be granted depends upon the facts of each case. Zoning Bd. of Adjustment v. Wright, 283 Ala. 654,220 So.2d 261 (1969). And when the evidence is heard ore tenus, as in the instant case, the findings of the trial court are presumed correct and will not be set aside except for plain and palpable abuse of discretion. Pipes v. Adams, 381 So.2d 86
(Ala.Civ.App. 1980).
In the present case the property owners contend that they had negotiated and purchased the property with the understanding that the garage apartment could be rented. The property owners contend that it will work an "unnecessary hardship" to prohibit them from renting the apartment in that they will "lose" rental income that formed a major part of their decision to purchase the property.
 "`Variances from the terms of the zoning ordinance should be permitted only under peculiar and exception circumstances. Hardship alone is not sufficient. The statute says "unnecessary hardship," and mere financial loss of a kind which might be common to all of the property owners in a use district is not an `unnecessary hardship.'"
Priest v. Griffin, 284 Ala. 97, 101, 222 So.2d 353, 357 (1969), quoting from Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244
(1951). See also Alabama Code § 11-52-80 (1975).
In the present case it is clear that the property owners will suffer a financial loss of a kind which might be common to all of the property owners in similar situations. In other words, the property owners in the present case have not shown that they will suffer an "unnecessary hardship," nor have they shown "peculiar and exceptional" circumstances to warrant a variance.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 913