The Board of Zoning Adjustment for the City of Dothan, Alabama (the Board) appeals from a judgment of the Circuit Court of Houston County granting Richard Britt a variance from the city zoning ordinance. The subject property had been zoned residential. The trial court, contrary to a prior ruling of the Board, granted a restricted variance to allow the operation of a direct mail fund-raising business.
The dispositive issue is whether the granting of the variance is so against the weight of the evidence as to be plainly and palpably erroneous.
When the evidence is heard by the trial court ore tenus, its findings are presumed correct and will not be overturned except for plain and palpable abuse of discretion. Pipes v. Adams,381 So.2d 86 (Ala.Civ.App. 1980).
The trial court, after a full hearing and a view of the house, found the following facts:
 "(a) That the property consists of an older, abandoned, delapidated house located on a large heavily wooded lot in a R-100-S District. The property, although not being located in the subdivision, directly backs up to a well-kept residential subdivision consisting of much newer occupied homes.
 "(b) That the Plaintiff originally purchased the property as a zoned single family residence and not with the hope of securing rezoning or a variance from zoning merely for the purpose of a quick, profitable resale.
 "(c) That the Plaintiff seeks a variance for use of the presently abandoned building which in its present condition is undesirable for use as residential property, rental or otherwise.
 "(d) That considering the character and condition of the structure and other circumstances such as the nature, extent or effect of needed repairs and renovations, Plaintiff's property can be utilized for a permitted use under the existing zoning regulations only at prohibitive expense.
 "(e) That Plaintiff's property is incapable of being used for a conforming use because of the decayed, dilapidated, or obsolete structure.
 "(f) That furthermore, the property in its present condition reasonably appears to constitute a security hazard to the neighborhood and a danger to the children in the neighborhood.
 "(g) That the proposed use with certain imposed conditions will not alter the essential character and integrity of the residential neighborhood and will not be contrary to the public interest."
The trial court thereupon granted a variance, but in doing so, it imposed the following conditions:
 "a. That the property be used for the office for the Plaintiff's direct mail fund *Page 1106 
raising business and for no other business activity.
 "b. That the office be used only between the hours of 7:00 A.M. and 6:00 P.M.
 "c. That no more than five employees work at the house at any one time.
 "d. That there be no sign on the property advertising or identifying the business, including on the mail box.
 "e. That there be no customer or client traffic at the house.
 "f. That the residential appearance and character of the house and lot be maintained.
 "g. That if the Plaintiff sells the property or business or ceases to use the property for the purpose approved in this variance, the variance shall automatically terminate.
 "h. That any violation of the above conditions shall automatically result in immediate and permanent termination of the variance.
 "i. That the variance shall be reviewed 12 months from the date of this Judgment at which time the Board of Zoning Adjustment shall consider whether or not to extend the variance for an indefinite period of time."
It is well established that courts are reluctant to grant a variance which will disturb an existing zoning ordinance which was properly enacted by a city governing body sitting in its legislative capacity:
 "[U]nless we are clearly convinced from all the evidence before the trial court and appearing in the record that the variance will not be contrary to the public interest (and the interest of the people in a given use district) and, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship."
Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (Ala. 1969).
There was evidence from which the trial court could find that it would cost Britt $50,000 to $70,000 to upgrade the house to allow him to move his family there. It would cost $15,000 to $20,000 for him to put the house in good enough condition to be used in his business. Britt admitted the house could be used for low income rental property but the trial court found that the cost of improving the house so that it could be safely put to this conforming use was prohibitive.
Economic hardship to the party seeking the variance is not of itself sufficient justification for the Board or the courts to supplant the restrictions enacted by the city. Priest, supra, citing Nelson v. Donaldson, 255 Ala. 84, 50 So.2d 251. But, as we stated above, the court can also look to the public interest.
There was testimony from which the trial court could find that the house was not only an eyesore, but also, as the court stated in its decree, a security hazard to the neighborhood and a danger to local children.
Here, the trial court committed no reversible error in granting the variance. There was testimony, plus its view, from which it could have found that the cost of putting the house to a conforming use was prohibitive, thereby resulting in an unnecessary hardship. The court's decree was fashioned in such a way as to retain the residential integrity of the neighborhood while simultaneously allowing Britt to operate his direct mail business from a partially renovated house. The restrictions were such that to those passing by the house it will appear to be just another house on the block. The variance could result in an increase in property values since the neighborhood will look better with a renovated house than it would with a rundown security hazard. Thus the restrictions will insure the residential character of the neighborhood. Moreover, should unforeseen problems arise, the Board has twelve months from the date of the trial court's decree to determine whether to extend the variance.
We conclude, as did the trial court, that the public's interest and Britt's interest will be served by the variance. *Page 1107 
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.