This is a zoning case.
The Board of Adjustment of the City of Tuscaloosa (Board) granted defendant Hamner a variance for the construction of a billboard on her property. Plaintiff, an adjacent landowner, appealed the Board's decision to the Circuit Court of Tuscaloosa County for a trial de novo, as provided by Ala. Code (1975), § 11-52-81.
After an ore tenus trial, the circuit court reversed the Board's action, finding that defendant was not entitled to a variance. The court ordered defendant to dismantle the sign immediately. It further found that the defendant was in contempt of a temporary restraining order which the court had earlier issued to halt construction of the sign.
The defendant, through able counsel, appeals. We affirm in part and reverse in part.
 I
Where the evidence in a trial de novo of an appeal from a decision of a board of adjustment on a variance request was presented to the trial court ore tenus, its findings are presumed to be correct and will not be set aside except for a plain and palpable abuse of discretion. Martin v. Board ofAdjustment, 464 So.2d 123 (Ala.Civ.App. 1985); Board of ZoningAdjustment v. Britt, 456 So.2d 1104 (Ala.Civ.App. 1984);Sanders v. Board of Adjustment, *Page 1146 445 So.2d 909 (Ala.Civ.App. 1983). Under this standard we must affirm the trial court's determination that defendant is not entitled to a variance because it is supported by the evidence and is not an abuse of the court's discretion.
Under Ala. Code (1975), § 11-52-80 (d)(3), the Board may grant a variance from the terms of an ordinance where, due to special conditions, a literal enforcement of the ordinance would result in unnecessary hardship, provided that the variance will not be contrary to public interest and the spirit of the ordinance will be observed and substantial justice done. Priest v.Griffin, 284 Ala. 97, 222 So.2d 353 (1969); Nelson v.Donaldson, 255 Ala. 76, 50 So.2d 244 (1951); Britt, 456 So.2d at 1106.
This court has held that, when a variance is at issue, the primary consideration is whether there exists unnecessary or undue hardship, as § 11-52-80 (d)(3) requires. Martin, 464 So.2d at 125; Sanders, 445 So.2d at 912. See Board of ZoningAdjustment v. Warren, 366 So.2d 1125 (Ala. 1979).
The evidence shows that on February 22, 1984, defendant entered into a lease with a Mr. Renfroe whereby the latter agreed to rent space on her property for construction and maintenance of a sign for advertising purposes. On February 24, 1984, defendant applied for and was granted a permit for the construction of the sign. There is no dispute that the City of Tuscaloosa mistakenly granted the permit, because defendant's property at that time was not zoned for signs, or billboards. By letter of March 27, 1984, the City notified defendant that, due to its error, the sign permit was "invalid, null and void."
Upon application by defendant, the City rezoned her property on June 26, 1984, to a classification which permits advertising signs. By that date, however, the property owners on either side of defendant's land (one of whom was plaintiff) had been granted permits for the construction of signs on their respective parcels. It was then allegedly impossible for defendant to construct a sign on her land without violating a Tuscaloosa city ordinance which requires that advertising signs or billboards be spaced a minimum of 200 feet apart. Defendant applied for and was granted a variance from the terms of this ordinance.
We sympathize with defendant and the problems caused by the City's mistakenly granting her a sign permit. Nevertheless, there is evidence to support the trial court's conclusion that defendant did not establish that the 200-foot spacing ordinance would cause her undue hardship if a variance from its terms were not permitted.
Under the terms of the lease agreement with Renfroe, it was the latter, not defendant, who assumed all obligations for the construction and maintenance of the sign on defendant's property. There was no evidence that defendant incurred any expense whatsoever in connection with the sign or in reliance upon the mistakenly granted sign permit. Renfroe testified that he incurred substantial financial obligations in connection with the sign, but he was not a party to the suit. The evidence showed that the only loss the defendant would suffer if the variance was not allowed was the loss of future rent under the lease agreement with Renfroe.
Alabama courts have held that, for a variance to be granted, hardship alone is not sufficient. Unnecessary hardship must be established, and "mere financial loss of a kind which might be common to all of the property owners in a use district is not an `unnecessary hardship.'" Sanders, 445 So.2d at 912. SeePriest, 284 Ala. at 101, 222 So.2d at 357; Nelson,255 Ala. at 84, 50 So.2d at 251. See also Britt, 456 So.2d at 1106. The trial court correctly concluded that defendant's economic loss — the loss of future rental — was of a type that was common to all property owners similarly situated and thus was not such unnecessary hardship as must exist for a variance to be granted. Sanders, 445 So.2d at 912. See Priest,284 Ala. at 101-102, 222 So.2d at 357. *Page 1147 
Furthermore, the lease agreement under which any lost rent arises was not entered into by defendant and Renfroe in reliance upon the erroneous sign permit. The lease was executed two days prior to defendant's application for the permit. Neither defendant nor Renfroe testified that the City had misled them into believing the property was zoned to allow signs at the time the lease was executed. Rather their testimony indicated that each mistakenly assumed defendant's property was zoned for signs. Apparently, neither checked with the City before executing the lease.
Thus, the rent which defendant will lose if the variance is not allowed is a loss which can be characterized as self-created, as the trial court found. This court has held that "[w]hen a hardship is self-inflicted or self-created, there is no basis for a claim that a variance should be granted. Thompson, Weinman Company v. Board of Adjustment,275 Ala. 278, 154 So.2d 36 (1963)." Martin, 464 So.2d at 125.
The trial court, therefore, did not err when it determined that defendant did not establish her entitlement to a variance. This conclusion is in keeping with the rule that variances should be sparingly granted. Priest, 284 Ala. at 102,222 So.2d at 357. See Britt, 456 So.2d at 1106.
 II
Defendant also argues that the trial court erred in permitting testimony concerning the effect the reduced distance between the signs on defendant's and plaintiff's properties would have on the visibility of plaintiff's sign. Defendant contends that the issue of the visibility of plaintiff's sign was not presented to the Board when the variance was granted and, therefore, cannot be raised in the trial court.
As noted above, when an aggrieved party appeals a decision of a board of adjustment to the circuit court, a trial de novo is granted. Ala. Code (1975), § 11-52-81. It is an established principle, however, that the trial de novo in such cases is limited to the issues which were brought before the board of adjustment. Warren, 366 So.2d at 1128; Swann v. Board of ZoningAdjustment, 459 So.2d 896 (Ala.Civ.App. 1984).
The primary issue before both the Board and the trial court was whether defendant should be granted a variance from the city ordinance which requires a minimum of 200 feet between advertising signs, or billboards. We agree with plaintiff that the proximity and visibility of adjacent signs are logically inherent "subissues" raised when one seeks a variance from the terms of this ordinance.
In our opinion the evidence which the trial court permitted as to the visibility of plaintiff's sign did not present a new issue, but went toward resolving the primary issue in the case — whether defendant was entitled to the variance.
Furthermore, even if the evidence of visibility were admitted in error by the trial court, such error was a harmless one. The determination that defendant was not entitled to a variance is fully supported by the other evidence mentioned above. We will not reverse the trial court for a harmless error. Rule 45, Alabama Rules of Appellate Procedure.
 III
Mr. Renfroe completed the construction of the billboard on defendant's property prior to the final judgment of the trial court. As part of its final judgment that defendant was not entitled to a variance, the court ordered the immediate dismantling and removal of the sign.
Defendant argues that the trial court erred in ordering her to dismantle the sign. The basis for her argument is the same as that for her claim that the trial court erred in admitting evidence of the visibility of plaintiff's sign — that the issues before the trial court are limited to those which were before the Board. See Warren, 366 So.2d at 1128; Swann, 459 So.2d at 899. Since enforcement of the 200-foot minimum spacing ordinance was not before the *Page 1148 
Board, defendant contends that the trial court had no authority to enforce the ordinance upon finding defendant was not entitled to a variance.
Defendant's argument ignores the fact that, at the time the Board considered her application for a variance, the sign had not yet been constructed on her property. There was thus no need for the Board to consider whether the sign should be dismantled.
We find defendant's argument to be somewhat illogical. If it were a valid principle, it could mean that a circuit court would be powerless to order compliance with its determination in a variance case, unless the board of adjustment had already been faced with a party who had violated the zoning ordinance for which he sought the variance.
Ala. Code (1975), § 11-52-80 (e), provides that in exercising its powers concerning zoning ordinances and variances, a board of adjustment may
 "reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made and, to that end shall have all the powers of the officer from whom the appeal is taken."
There can be no dispute that the broad language of this statute confers upon the Board the authority to enforce the 200-foot minimum spacing ordinance by ordering the dismantling and removal of signs when necessary.
If the Board has the power to enforce the ordinance by ordering the removal of a sign, then the trial court has this power also. This court recently held that the power of the circuit court on appeal of a zoning matter to permit a variance from the terms of an ordinance "is the same as that conferred on the board of adjustment." Swann, 459 So.2d at 899. SeeNelson, 255 Ala. at 80, 50 So.2d at 248.
We find no error or abuse of discretion by the trial court's ordering the dismantling of the sign on defendant's property. Defendant's claim that the order was excessive in that shemight be able to comply with the ordinance in some lesser fashion is of little merit. It is not apparent in the record that compliance with the ordinance could be otherwise accomplished.
 IV
Defendant's final contention on appeal is that she was denied due process of law because the trial court found her to be in contempt of the temporary restraining order without giving her notice of this charge and the opportunity to defend herself. We agree and, therefore, reverse this part of the trial court's final judgment.
There is some evidence in the record which supports the trial court's determination that defendant was in contempt of the restraining order. This determination, however, clearly cannot stand where it is quite clear that defendant was not afforded the basic due process protections of receiving notice of the contempt charge and the opportunity to defend herself. CharlesManufacturing Co. v. United Furniture Workers, 361 So.2d 1033
(Ala. 1978); In re Tarpley, 293 Ala. 137, 300 So.2d 409 (1974).
Regardless of whether defendant's "contempt" should be classified as civil or criminal, she should have been afforded these most basic due process protections. The record is devoid of any indication that she was put on notice that she could be held in contempt by the trial court, and she thus had no reason or opportunity to defend herself from such a finding. Moreover, if she were to be charged with contempt, the trial court should have held a separate proceeding on the matter, apart from the trial on the issue of the variance. Opinion of the Clerk,386 So.2d 737 (Ala. 1980).
For these reasons, that portion of the trial court's order which found defendant to be in contempt of the restraining order is reversed.
This case is affirmed in part and reversed in part. *Page 1149 
AFFIRMED IN PART AND REVERSED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.