496 So.2d 86 (1986)
Robert W. JOHNSON, et al.
v.
BOARD OF ADJUSTMENT OF the CITY OF HUNTSVILLE, et al.
Civ. 5282.
Court of Civil Appeals of Alabama.
September 24, 1986.
*87 Paul A. Pate of Watts, Salmon, Roberts, Manning & Noojin, Huntsville, for appellants.
Clyde Alan Blankenship, Asst. City Atty., Huntsville, for appellees.
WRIGHT, Presiding Judge.
This is a zoning case.
The Board of Adjustment of the City of Huntsville, Alabama, rejected the property owner's request for a zoning variance. The property owners appealed to the Circuit Court of Madison County. After a trial de novo, the trial court also denied the request for a variance. This appeal followed.
A review of the record reveals the following: The property in issue is so situated in the City of Huntsville that approximately one-half of it is located in a Residential 2-B zoning district under the City's zoning ordinance; the other half is located in a Neighborhood Business C-2 zoning district.
In March 1984, the prior owners of this property requested and were granted a use variance to allow "the construction, location and operation of a wholesale and retail lumber supply business" on the property. Later the property was purchased by the current owners, West Equipment Company and First Republic Company. These parties are hereinafter referred to jointly as "West."
Pursuant to the variance, West requested and received two building permits which allowed for the construction and location of a wholesale and retail lumber supply business on the property. When this construction had been substantially completed, West began to construct and erect two signs on the property. One was a "pylon" or "accessory ground" sign approximately thirty-five feet high. The other sign, which *88 was to be attached to the building, consisted of two parts. The first part being a translucent panel ten feet by ten feet on which West's name and logo appear, and the second part being the individual letters which form the words "Building Materials."
Construction and placement of these signs were halted when West was informed by the Inspection Department of the City of Huntsville that such signs were prohibited by the city's zoning ordinance. Thereafter, West filed an application with the Inspection Department seeking a building permit to allow them to construct and place the signs on the property. After this request was denied, West petitioned the Board of Adjustment of the City for a variance to allow the signs. The Board denied the request. West appealed to the Circuit Court of Madison County. Apparently, before the de novo hearing, the Inspection Department reconsidered its denial of the building permit as to the construction and placement of the pylon sign and the translucent panel. A permit allowing the signs was issued in August 1985. Therefore, the appeal concerns only the sign that was to be attached to the building. The trial court denied the requested relief.
When a variance is at issue, the primary consideration is whether a literal enforcement of a zoning ordinance will result in unnecessary hardship. Martin v. Board of Adjustment, 464 So.2d 123 (Ala. Civ.App.1985).
Whether or not a case involves unnecessary hardship so as to justify the granting of a variance must necessarily be determined from the facts of the particular case. City of Mobile v. Sorrell, 271 Ala. 468, 124 So.2d 463 (1960). It is West's argument that the facts of the instant case constitute unnecessary hardship.
The phrase "unnecessary hardship" has been given various definitions; however, the Supreme Court of Alabama has approved of the following statement:
"No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone."

Sorrell, supra.

It has also been said:
"Variances from the terms of the zoning ordinance should be permitted only under peculiar and exceptional circumstances. Hardship alone is not sufficient. The statute says `unnecessary hardship,' and mere financial loss of a kind which might be common to all of the property owners in a use district is not an `unnecessary hardship.'"
Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969). See also Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951).
Most of the evidence before the trial court was in the form of deposition testimony and exhibits stipulated as admissible. The little testimony that was heard orally by the trial court was not disputed. Therefore, this court need not indulge any presumption in favor of the trial court's findings. Ex parte Douthit, 480 So.2d 547 (Ala.1985); McLean v. Brasfield, 460 So.2d 153 (Ala.1984). See Ala. Digest, Appeal & Error, Key Nos. 893(1), 895(2), 931(1) (1982).
Though the Board contends that West has shown no financial loss or unnecessary hardship, we are convinced that West has sufficiently met its burden of proving unnecessary hardship.
The evidence indicated that if West is not allowed to place the sign on its building it will suffer some financial loss. Fewer people will frequent the business as fewer persons will be aware of its existence. More importantly, its financial loss will be of an entirely different kind than those other property owners which are operating wholesale and retail lumber businesses in *89 the district. All other similar businesses have signs as large or larger than that requested by West. For example, Lowes displays a sign with an area of 400 square feet, and Triple K Lumber displays a sign with an area of 600 square feet. When West's sign is measured according to the procedure provided for by the City's zoning ordinance, it measures only 276 square feet.
The pertinent section of the zoning ordinance reads:
"The term `sign size' shall mean the extreme physical dimensions of a sign, excluding lattice work or fencing, incidental to its decoration. Where individual characters are used, whether individually mounted or fastened or jointly mounted or fastened to convey a message, the total dimensions from the beginning of the first character to the end of the last character in the longest line and the top of the uppermost character and the bottom of the lowermost character shall be considered in the calculating of the overall sign size."
Zoning Ordinance of the City of Huntsville, § 42.1.7.
As we construe this section, the first sentence of § 42.1.7 applies to those signs which are in some way separate and distinct from any building, e.g., a billboard. In these instances, the entire area of the "extreme physical dimensions" of the board, excluding lattice work or fencing, determines the size of the sign. However, where individual characters, which are to be attached to a building, are used to convey a message, the entire area of the background upon which the characters are fastened is not used to calculate the size of the sign. Instead, "the total dimensions from the beginning of the first character to the end of the last character in the longest line and the top of the uppermost character and the bottom of the lowermost character" is used.
It is clear from the evidence in the record, and the trial court correctly found, that the background upon which the requested sign was to be mounted is a part of the structure of the building. Therefore, the latter part of § 42.1.7 controls the measure of the second part of the requested sign. Applying this section to the projected dimensions of the characters to be used in West's sign, one determines that the entire area of the sign is only about 276 square feet. Therefore, the trial court erred when it determined the size of the requested sign to be 641.85 square feet.
Further, it appears that this property, with the lumber business and structure already completed and located on the property at a cost to the property owners of more than $2,500,000, could not advantageously be used for any purpose other than a wholesale and retail lumber supply business. We do not, as the City argues, consider this hardship to be self-induced.
West applied for and received two building permits which allowed the construction of the facility in which a building materials business, expressly permitted by the March 1984 variance, was to be operated. Clearly detailed in the plans submitted to the City in its request for these building permits was that part of the building designated as "sign facia." In reliance upon these permits, and in good faith, West expended the capital necessary to construct the facility. They were not made aware that the City did not intend to allow the construction and placement of the sign until the facility was almost complete. Indeed, there is much to be said for the argument that the original variance and building permits, in effect, made the use of the requested sign an accessory "conforming" use for which no variance is needed. However, discussion of this issue is unnecessary. It is clear to us, that to deny, at this time and upon the particular facts presented, the right to place the requested sign would result in unnecessary hardship to West.
Further, it is clear from the evidence that the granting of this variance will be contrary to neither the public interest nor the spirit of the ordinance. § 11-52-80, Code of Alabama 1975. See Priest v. Griffin, supra; Nelson v. Donaldson, supra. Although the subject property is *90 located partially within both a residential and a light industrial zone, a number of commercial and light industrial enterprises are located nearby. Testimony indicated that the requested sign would pose no threat to the public safety, health or welfare. There has not been any indication of public opposition to placement of the requested sign.
The foregoing considered, the decision of the trial court denying the requested variance is reversed. This cause is remanded to the trial court so that an order not inconsistent with this opinion may be issued.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., dissents.
HOLMES, Judge (dissenting).
I respectfully dissent from the opinion of the majority authored by our distinguished Presiding Judge Wright.
Under Alabama law, the primary consideration in a variance case is whether a literal enforcement of the zoning ordinance will result in unnecessary hardship. Lawless v. Smith, 481 So.2d 1144 (Ala.Civ.App. 1985); Martin v. Board of Adjustment, 464 So.2d 123 (Ala.Civ.App.1985). Hardship alone is not sufficient, and when hardship is self-inflicted or self-created, there is no basis for a claim that a variance should be granted. Lawless, 481 So.2d at 1146-47; Martin, 464 So.2d at 125. See Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969).
In my opinion West did not establish that the requisite unnecessary hardship existed for the granting of the requested sign variance.
The majority found that the evidence showed that, if West was not allowed to construct the sign, "it will suffer some financial loss." Even assuming that such is the case, in my opinion evidence of some financial loss does not establish the unnecessary hardship required for a variance.
Moreover, such financial loss, as well as any other type of hardship which might exist, appears to have been self-created. West voluntarily purchased the subject property apparently with the knowledge that a use variance had been obtained by the prior owners because the property was not zoned for the construction and operation of a lumber supply business.
For this reason, West's contention that its competitors are permitted to have signs as large or larger than that requested by West is weak. The evidence showed that competitors' which operate similar businesses are located in districts zoned for industry or business in which much larger signs are permitted. West chose not to locate its business in such a district, but in one in which signs are much more restricted.
Finally, the evidence shows that West was ultimately permitted to construct two signs on its property. One is a pylon sign, standing approximately thirty-five feet high and bearing West's name and logo. The second sign is a translucent panel, ten feet by ten feet, attached to the roof of the building and bearing West's name and logo. The variance sought by West was only to enable it to attach to the second sign individual letters forming the words "Building Materials."
Given the existence of the other two signs, I question the majority's conclusion that "[f]ewer people will frequent the business as fewer persons will be aware of its existence."
In view of all of the above, I would affirm the decision of the trial court by denying the variance because West has not established that it will suffer unnecessary hardship if the variance is not granted.