WRIGHT, Presiding Judge.
This is a zoning case. The issue is whether the court abused its discretion by affirming the zoning board’s denial of a request for variance from the City’s sign ordinance.
Foster and Kleiser Outdoor Advertising, Inc. (F & K), appeals the circuit court’s denial of its request for a variance to permit the continued existence of a nonconforming sign. That judgment was entered in a trial de novo on an appeal brought by University Furniture Galleries, Inc. (University), which claimed to be a “party aggrieved” by the decision of the Board of Zoning Adjustment (Board). The Board denied F & K’s request for a variance, but gave it one year to comply with the applicable ordinance. University appealed that decision to the circuit court, which also denied the variance but shortened the time for compliance to thirty days from the date of its order. From that decision F & K now appeals.
When evidence is taken ore tenus on the question of whether a variance should be allowed, the findings of the trial court are presumed correct and will not be set aside except for plain and palpable abuse of discretion. Sanders v. Board of Adjustment, 445 So.2d 909 (Ala.Civ.App.1983). Finding no such abuse of discretion in this case, we affirm the court’s decision requiring F & K to bring its sign into compliance with local law within thirty days.
The pertinent facts leading us to our determination can be summarized as follows: University purchased property for its retail furniture business upon which F & K's billboard sign had been standing for approximately two years. F & K received a permit to build the sign from the Huntsville Department of Building Inspection. The permit authorized the erection of a sign 672 square feet in dimension, but “on the express condition that the erection shall conform in all respects ... to all sign control ordinances, zoning ordinances, building codes, of the City of Huntsville, Alabama.” An authorized representative of F & K signed the permit agreeing “to all the provisions of the Sign Control Ordinance, Zoning Ordinance and the Building Code of Huntsville, Alabama....”
The sign in question is situated in a Light Industry Zoning District. Local ordinance permits such signs to be up to but not exceeding 300 square feet in dimension. That ordinance has been in effect since 1972 and was in effect at all times pertinent to the location of F & K’s sign.
*31 The sign overhangs University’s store structure by several feet; the overhanging portion is about three feet above the store roof. The trial court was “satisfied from the evidence that the sign in its present size does adversely affect University Furniture Galleries’ use, enjoyment and value of its leased property.” Evidence produced at trial tends to support a finding that F & K’s sign is causing a loss of business to University.
F & K contends that “the evidence set forth in the record totally fails to support the decision of the trial court denying the request for a limited variance.” It contends that the expense incurred in constructing the sign, what it would cost to bring the sign into compliance, and the revenue lost by the smaller billboard area available for lease, should lead us to a determination of unnecessary hardship such as to require a variance in its case. See § ll-52-80(d)(3), Code of Alabama.
The law in Alabama is that economic hardship to the party seeking the variance is not of itself sufficient justification for the Board or the courts to supplant the restrictions enacted by the City. Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). F & K also submits that we should consider the fact that it applied for a permit which the City issued and that it built its sign in good faith relying on that permit. This is an estoppel argument. It has been determined that a city cannot be estopped from denying an illegally issued building permit — that is, one in violation of local statutes. Board of Zoning Adjustment v. Boykin, 265 Ala. 504, 92 So.2d 906 (1957). Nor will a variance be granted on the ground that expense was incurred in reliance on an illegal permit. Although F & K will lose some anticipated revenue, it will continue to make a substantial return on the diminished sign. Moore v. Pettus, 260 Ala. 616, 71 So.2d 814 (1954). F & K’s arguments do not lead us, therefore, to a determination of unnecessary hardship such as to require a variance in this case. Significantly, F & K will still be able to rent its billboard space, and evidence was produced that the portion of the sign to be removed is almost entirely salvageable.
As we stated in Board of Zoning Adjustment v. Britt, 456 So.2d 1104 (Ala.Civ.App.1984):
“It is well established that courts are reluctant to grant a variance which will disturb an existing zoning ordinance which was properly enacted by a city governing body sitting in its legislative capacity:
‘[UJnless we are clearly convinced from all the evidence before the trial court and appearing in the record that the variance will not be contrary to the public interest (and the interest of the people in a given use district) and, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship.’ ”
Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969). The presumption of correctness of the trial court’s judgment has not been overcome by F & K. The judgment therefore must be affirmed.
We find no error in the court’s denial of F & K’s motion to dismiss on the ground that University was not an aggrieved party and so lacked standing to appeal to the circuit court. See Crowder v. Zoning Board of Adjustment, 406 So.2d 917 (Ala.Civ.App.1981).
University’s motion pursuant to Rule 38, Rules of Alabama Appellate Procedure, that “just damages” be awarded on the ground that the appeal is “frivolous” is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.