HOLMES, Judge.
This is a zoning case.
Upon recommendation of the Jefferson County Planning and Zoning Commission, the Jefferson County Commission (Commission) unanimously passed a resolution to rezone a five-acre parcel of land located in Jefferson County from A-l Agriculture to C — 1 Commercial. The rezoning was conditioned upon the fact that the property would be used only for an automobile dealership. The property would have a 100- *1130 foot buffer to be left in its natural state on the south and west property lines adjacent to the residential properties. The restriction further provided that no outside system be used during church services of the church located across from the subject property.
The surrounding property owners thereafter sought relief in the Circuit Court of Jefferson County. After a hearing, the circuit court denied the surrounding property owners’ challenge to the change in zoning. The circuit court also held that the City of Hoover had failed to show standing to assert a claim in the case.
The surrounding property owners, as well as the City of Hoover, now appeal to this court. We affirm.
The surrounding property owners raise three issues on appeal — (1) whether the Jefferson County Commission had the authority to rezone the property subject to certain conditions, (2) whether the change in zoning constituted “spot” zoning, and (3) whether the trial court erred in finding that the City of Hoover lacked standing to sue.
The passing of a zoning ordinance or resolution is a legislative act and is presumed to be valid and reasonable, to be within the scope of the powers granted to the zoning authorities to adopt such, and is not to be struck down unless it is clearly arbitrary and unreasonable. Cudd v. City of Homewood, 284 Ala. 268, 224 So.2d 625 (1969). Our review of the actions of municipal governing bodies in the matter of zoning is quite limited. Come v. Chancy, 289 Ala. 555, 269 So.2d 88 (1972). The trial court’s findings are presumed correct and will not be overturned except for plain and palpable abuse of discretion. Board of Zoning Adjustment v. Britt, 456 So.2d 1104 (Ala.Civ.App.1984).
I
The surrounding property owners, as indicated, first contend that the Jefferson County Commission had no authority to rezone the subject property subject to certain conditions. We disagree.
It is well established that a zoning ordinance may place reasonable restrictions and requirements on a property owner in the use of the zoned property. Haas v. City of Mobile, 289 Ala. 16, 265 So.2d 564 (1972). The evidence here shows that the owner of the subject property voluntarily agreed to all the conditions required, each of which benefit the adjoining property owners. The restriction that the subject property be used for an automobile dealership protects the surrounding property owners from the more intensive commercial uses that can be found under C-l Commercial classification. The 100-foot buffer on the south and west sides of the property protect adjacent landowners from any adverse impact on their property as a result of the commercial activity. The third restriction that prohibits the use of loud speakers during Saturday worship services of the Seventh Day Adventist Church is for the benefit of the church and its members to prohibit any disturbance that a commercial activity may have on their religious ceremony. Since the Commission determined that the subject property should be zoned commercial, they have the authority to protect area landowners and the public from any adverse impact arising from the change in the zoning classification of the five-acre parcel of land.
This court cannot strike down a zoning ordinance unless it appears “that such an ordinance passes the bounds of reason and assumes the character of a merely arbitrary fiat.” Episcopal Foundation v. Williams, 281 Ala. 363, 367, 202 So.2d 726, 730 (1967). We find, therefore, that the conditions in question do not pass any “bounds of reason”, in fact, are quite reasonable, and will benefit the surrounding landowners.
II
The surrounding property owners’ second contention that the change of zoning constitutes “spot” zoning is without merit.
After an ore tenus hearing, the trial court found that the amendment in the *1131 zoning classification adopted by the Commission became part of the existing comprehensive ordinance of the County Commission and did not constitute “spot” zoning. This finding will not be disturbed on appeal absent a plain and palpable abuse of discretion. Britt, 456 So.2d at 1105.
The evidence shows that Jefferson County has a zoning plan and a zoning ordinance and has a land suitability plan, transportation plan, and subdivision regulations. The evidence further shows that Jefferson County has adopted a zoning resolution to ensure that zoning regulations and districts are “made in accordance with the comprehensive plan for the purpose of guiding development in accordance with existing and future needs and in order to protect, promote, and improve public health, safety, morals, convenience, order, appearance, prosperity and general welfare.” As indicated, the trial court found that the amendment was part of the comprehensive plan, and the evidence supports this finding. When an existing comprehensive plan is in effect, no amendment to that plan can be attacked as being “spot” zoning. Haas, 289 Ala. at 21, 265 So.2d at 568. In view of the above, the ordinance in question cannot be “spot” zoning.
The final contention of the surrounding property owners is that the trial court erred in finding that the City of Hoover lacked standing to sue. We find no reversible error in the trial court’s action. Assuming without so deciding that the City had standing to assert a claim, the trial court’s conclusion regarding standing is error without injury, as it would not affect the result of the trial. Rule 45, Alabama Rules of Appellate Procedure.
As stated above, there were individual property owners who represented their own interests and questioned the propriety of the trial court’s action. This court will not reverse a trial court based upon a ruling which could not have legally affected the result of the trial. Hale v. Cullman County Board of Education, 465 So.2d 1143 (Ala.Civ.App.1984).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.