THIGPEN, Judge.
This appeal involves the grant of a variance ⅛ buji¿ a church in a residential area.
Hunting Ridge Church of God (Hunting Ridge) applied to the City of Prattville Board of Zoning Adjustment (Board) for a variance in order to construct a new church facility. The Board determined that the proposed entrance to the church property would obstruct intersection sight distance for traffic on the road in front of the church property. Consequently, the Board denied the variance. Hunting Ridge appealed the Board’s decision pursuant to Ala.Code 1975, § 11-52-80, for a trial de novo. After considering the evidence, the trial court granted the variance and denied the Board’s motion to reconsider after a hearing.
The Board appeals, contending that the trial court erred in determining that “adequate sight distance exists,” and that that determination was not based on a consideration of the safety of the public. The Board also contends that the trial court’s order was ambiguous because it did not state the exact point on the church property line where sight distance was adequate for an entrance to the property.
The grant or denial of a requested variance depends upon the facts of each case. Sanders v. Board of Adjustment of the City of Chickasaw, 445 So.2d 909 (Ala.Civ.App.1983). Further, the trial court’s decision following the presentation of ore tenus evidence is presumed correct and will not be set aside absent a plain and palpable abuse of discretion. Sanders, supra.
The record reveals that Hunting Ridge intends to build a church in a residentially zoned district; therefore, a use variance is required prior to its construction. Approval of the requested variance involved consideration of the church traffic flow into a main thoroughfare, East Main Street. The primary concern in this case was that there was a possible lack of adequate sight distance on East Main Street for drivers of approaching automobiles.
*752 The Board hired the engineering firm of Gorove-Slade Associates, Inc., to determine the adequacy of the sight distance. Testimony revealed that the posted speed limit in that area was 40 miles per hour; however, statistics from a study by the Alabama Highway Department revealed that the actual speed of most vehicles in that area was approximately 48 miles per hour.
In determining the required sight distance, Gorove-Slade utilized information from the Institute of Transportation Engineers and calculated that the necessary sight distance of 500 feet was not available at the proposed entrance.
Gorove-Slade indicated, however, that the church entrance, if placed 200 feet west of a certain creek, would provide adequate sight distance, or, alternatively, that adequate sight distance from the entrance could be achieved by the construction of a service road, the installation of a traffic signal, or the restriction of traffic to the legal speed limit of 40 miles per hour. Further evidence revealed that the suggested alternatives were not feasible. Therefore, the engineers from the Gorove-Slade firm testified that, in their opinion, adequate sight distance did not exist from the proposed church entrance. Further, they testified that while stopping distance is a consideration, the intersection sight distance is critical.
Robert C. Edwards, a former Autauga County engineer, testified for Hunting Ridge that the entrance elevation would increase sight distance, and that the sight distance would be adequate. Edwards also testified that consideration should be given to the fact that church traffic would be “off-peak traffic” due to the normal hours of church functions. Testimony from Edwards and from the assistant chief of police established that as development in an area increased, the speed of vehicles in that area would decrease due to traffic congestion.
The record reveals that the trial court made an actual physical viewing of the area in question, and that it limited its decision to whether adequate sight distance existed. Clearly, the testimony before the court conflicted as to whether the traffic around the proposed church entrance would endanger the public in terms of sight impairment. A trial court, having heard conflicting evidence, must resolve the conflict, and if legal evidence supports its findings, and they are not unjust, we will affirm. Rose v. Rose, 440 So.2d 566 (Ala.Civ.App.1983). Credible evidence regarding many factors, including public safety, supports the trial court’s finding of sight distance in favor of Hunting Ridge, and therefore, the trial court did not err in granting the variance in that regard.
The Board next argues that even if we accept the trial court’s ruling that adequate sight distance exists, the trial court’s order is ambiguous and the case must be remanded. Specifically, the Board contends that the order is ambiguous because “at no point within the trial court’s order does it describe where the entrance should be located.” Hunting Ridge argues that the location of the proposed entrance is clear from photographs, diagrams, and the testimony of numerous witnesses, including the Board’s evidence regarding its own sight distance study.
The Board provides no support for its position in this argument, but instead cites cases which concern the weight and credibility of the testimony of witnesses. It does so at its peril. Rule 28, Alabama Rules of Appellate Procedure. Furthermore, from our thorough and careful review of the entire record, we find the argument of Hunting Ridge persuasive. The record contains ample evidence from which the location of the proposed entrance to the Hunting Ridge property can be ascertained. Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.