Marion L. Ratcliff (developer) petitioned the Board of Zoning Adjustment of the City of Huntsville (board) for a use variance from the terms of the applicable zoning ordinance for the construction of a convenience store. The board denied the developer's request, and the developer, along with the other co-developers of the property, appealed the board's decision to the Circuit Court of Madison County. After an ore tenus proceeding, the trial court also denied the developers' request for a use variance. The developers bring this appeal.
The dispositive issue in this appeal is whether the trial court erred in concluding that there existed no unnecessary hardship which would justify the grant of a use variance to the developers.
Initially, we note that where evidence is presented ore tenus, the judgment of the trial court is presumed correct and will not be set aside except for plain and palpable abuse of discretion. Sanders v. Board of Adjustment, 445 So.2d 909
(Ala.Civ.App. 1983). Here, however, the developers assert that the ore tenus presumption favoring the correctness of the trial court's findings is inapplicable, because the facts in this case are undisputed. See Johnson v. Board of Zoning Adjustment,496 So.2d 86 (Ala.Civ.App. 1986). Although the parties did stipulate to the admission into evidence of the exhibits presented and to the professional qualifications of some of the witnesses who testified, the record is largely comprised of testimonial evidence which is not always uncontradicted. Therefore, we find it proper in this case to indulge the ore tenus presumption.
Generally, a use variance is a relief granted from the literal import and strict application of zoning regulations, thereby allowing property to be used in a manner otherwise forbidden by the terms of the applicable zoning regulations.Lindquist v. Board of Adjustment, 490 So.2d 16
(Ala.Civ.App. 1986). In order to obtain a use variance, a landowner must demonstrate that as a result of enforcement of the zoning ordinance, his property will suffer unique or peculiar hardships not common to other property in the same zoning district. Ex parte Chapman, 485 So.2d 1161 (Ala. 1986). Furthermore, we note that use variances are to be sparingly granted and only under peculiar and exceptional circumstances of unnecessary hardship. Chapman, supra.
An "unnecessary hardship" sufficient to support a use variance exists where a zoning ordinance, when applied to the property in the setting of its environment, is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property. Chapman, supra. The Supreme Court of Alabama has defined "unnecessary hardship" as follows:
 "No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone."
City of Mobile v. Sorrell, 271 Ala. 468, 471, 124 So.2d 463,465 (1960), quoting Brackett v. Board of Appeal, 311 Mass. 52,39 N.E.2d 956, 961 (1942).
The property at issue in this appeal consists of approximately two acres located on the southeast corner of the intersection of Sparkman Drive and Pulaski Pike in Huntsville, Alabama, and is presently undeveloped. The evidence shows that in recent years, both Sparkman Drive and Pulaski Pike have been widened and lengthened, so as to become major thoroughfares in the rapidly growing city. Consequently, traffic in the neighborhood has become quite significant. *Page 1185 
The property, which is presently zoned for single-family residential use only, is part of a larger tract of land which was purchased by the developers in 1987. Soon after purchasing the tract, the developers received the requisite approval of a plat map for a portion of the tract and began selling individual lots for residential development in what is known as the Farmington Subdivision. The property which is the subject of this appeal, however, is not a part of the plat which was approved. The record reveals that most of the lots sold by the developers thus far are those which are farthest removed from the busy intersection. Two real estate appraisers who appeared at the trial as witnesses on behalf of the developers testified that because of its proximity to the intersection, the property in question is best suited for commercial development rather than residential use.
The developers allege in this appeal that because the property is zoned for residential use, an unnecessary economic hardship will be suffered if they are not allowed to develop the property for commercial use, i.e., a convenience store. We note, however, that it is well established that economic hardship is not of itself a sufficient justification for a board of adjustment (or the court) to grant a use variance from the zoning ordinance. Board of Adjustment v. Creel,500 So.2d 1147 (Ala.Civ.App. 1986); Board of Zoning Adjustment v. Britt,456 So.2d 1104 (Ala.Civ.App. 1984). Moreover, a use variance may not be granted where the property owner merely suffers a financial loss of a kind that is common to all of the property owners in the use district. See Board of Zoning Adjustment v.LaGrange Church of the Nazarene, Inc., 507 So.2d 538
(Ala.Civ.App. 1987).
Here, we fail to find any evidence that the property has suffered a financial loss of a kind uncommon to all the property in the district. It is possibly true that because the district is zoned for residential purposes, the property is suffering a financial loss due to the limiting of the use of the property. However, the same could be true of the other property owners in the area. The developers' property, because of the fact that it is located at a heavily traveled intersection, may have less value than some of the other lots in the area for residential use, but that is a matter which would more properly support a complaint before the city authorities in opposition to the zoning of the area rather than a request for a use variance. Priest v. Griffin, 284 Ala. 97,222 So.2d 353 (1969).
It does not appear from the record that the subject area is unfit for a conforming use, although such use may not be as inviting and the lots as desirable as some other lots in the use district. However, such depreciated value does not fall within the class of peculiar and exceptional circumstances necessary to sustain the granting of a use variance. If so, other property owners desiring to sell their property in a use zone at a premium for nonconforming purposes would frequently seek use variances, the granting of which would tend to destroy or greatly impair the whole system of zoning. Priest, supra.
Therefore, we find that the mere potential loss of profits visits no unnecessary hardship on the property in this case.
Furthermore, even if the developers in this case had met their burden of proving unnecessary hardship, it is apparent that the trial court properly considered such hardship to be self-inflicted. It is undisputed that the developers knew that the property was not zoned for commercial use prior to purchasing it. The record reveals that one of the developers, Frank S. Johnson, had, on two occasions prior to purchasing the property, appeared before the board to request a use variance for commercial use of the same property which is the subject of this appeal. Both of these requests were denied. Developer S. Clayton Brock, Jr., also admits that he had knowledge of at least one of the previously denied use variance requests prior to purchasing the property. So, in spite of the fact that requests for use variances had previously been denied, the developers still purchased the property. When a hardship is self-inflicted or self-created, there is no basis for a use variance. Martin v. Board *Page 1186 of Adjustment, 464 So.2d 123 (Ala.Civ.App. 1985). Therefore, we find that there was sufficient justification for the denial of the use variance by the court on the basis that the hardship was self-created.
In light of the above and the attendant presumption of correctness accompanying the trial court's judgment, we find no abuse of discretion by the trial court in its denial of the developers' request for a use variance. As a result, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.