This is an appeal from an order denying defendants' motion to vacate a default judgment.
Suit was filed against the defendants on March 11, 1975. They timely filed an answer and cross-claim. Trial was set for October 11, 1976. They failed to appear; and the trial court entered a default judgment in favor of the plaintiff. After taking testimony on damages, the court entered a judgment in plaintiff's favor for $50,000.
On September 14, 1977, the defendants filed a motion under ARCP 60 (b)(4). The motion was denied. This appeal followed.
We affirm. By their ARCP 60 (b)(4) motion, the defendants-appellants assert that the default judgment is void on its face because they had no notice under ARCP 5 (a). That rule requires notice to parties not in default. These parties were in default, having failed to appear on the day the case was set for trial. No notice was required, therefore, under Rule 5 (a).
They also contend that the judgment is void because they did not receive notice pursuant to ARCP 55 at least 3 days before hearing was held on the plaintiff's application for default. By the express terms of Rule 55, ". . . judgment by default may be entered by the court on the day the case is set for trial without such 3 days notice. . . ." The record affirmatively shows that default was entered by the court on the day the case was set for trial. The 3-day notice was, therefore, not required.
The appellants made only a Rule 60 (b)(4) motion, which authorizes relief from void judgments. There is no discretion on the part of the trial court on a Rule 60 (b)(4) motion. If the judgment is void, it is to be set aside; if it is valid, it stands. Therefore, the only question before us is whether thejudgment is void. A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process. Wright Miller, Federal Practice and Procedure: Civil § 2862; Restatement of Judgments, § 8.
In this case, the trial court had subject matter jurisdiction over the parties. They were not denied due process. They were properly before the court and simply failed to appear when the case was set for trial. Under those circumstances, no notice was required by Rules 5 (a) or 55, ARCP.
The judgment was not void and, therefore, the trial court did not err in refusing to vacate the same.
The defendants-appellants did not challenge the judgment on any other ground. We, therefore, must affirm.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1175