KLIEBERT, Judge.
This is an appeal by the father, Victor Louis Drago, Sr., from a judgment granting his former wife, Sharyn Delacroix Dra-go, an increase in monthly child support payments for the two children born of their previous marriage. The father contends the judgment is invalid because of an inadequate service of the motion for an increase in child support. For the reasons which follow, we reverse and set aside the trial court judgment.
The record reflects that the wife filed a petition for divorce on September 24, 1974. The sheriffs return shows personal service on Mr. Drago on September 30, 1974. Mr. Drago failed to answer the petition and a default judgment was entered on November 6, 1974 condemning him to pay $200.00 per week for the support of each of the two minor children.
On June 29, 1984 a rule to increase child support was filed and requested service be made via the Louisiana Long Arm Statute, i.e., R.S. 13:3201 et seq., on the defendant at his place of employment in Houston, Texas. At the hearing on the rule held on August 22, 1984, in an effort to show compliance with R.S. 13:3204[1] (service of process) counsel for Mrs. Drago filed into the record a United States Post Office return receipt showing a certified mailed item was received by a Margaret Curry at Mr. Dra-go’s place of employment in Houston, Texas, on August 2, 1984. At the conclusion of the hearing, at which the husband made no appearance, the trial court rendered the judgment increasing the child support payments to $300.00 per month per child. It is this judgment from which the husband appealed.
On appeal the husband contends the delivery of the documents to a co-employee at the place of employment was inadequate to effect a service of process on the husband; hence, the judgment is invalid. The wife contends, however, that the original jurisdiction over the husband over the marital status, custody and support obtained through personal service of the initial pleadings on the husband in Louisiana is sufficient for the court to exercise jurisdiction and increase the original support award and cites Imperial v. Hardy, 302 So.2d 5 (La.1974); Chaplin v. Chaplin, 402 So.2d 795 (La.App. 4th Cir.1981).
It is true as contended by counsel for the wife that under the concept of continuing jurisdiction adopted by Louisiana Courts, once jurisdiction attaches it continues to the final adjudication of the subject matter over which the jurisdiction attached. Notwithstanding such continuity of jurisdiction, however, in order to meet the requirement of the federal constitution as to due process, there must be a sufficient service of process on the defendant of the particular rule or pleading involved. White v. White, 398 So.2d 1257 (La.App. 4th Cir.1981). In the cases cited by the wife, service of process of the particular rule involved was effected by service on the defendant’s attorney or curator ad hoc appointed to represent him, either of which were held to satisfy the due process requirements of a valid service of process on the defendant.
*788 Here the wife attempted to meet the due process requirements of a valid service on the non-resident husband via the Long Arm Statute. Thus, the question posed is not whether the court had jurisdiction, but rather, whether the wife’s effort was sufficient.
In Louisiana service of process can be effected on a defendant either personally or at his domicile by leaving the papers with a competent person at the defendant’s domicile. In Roper v. Dailey, 393 So.2d 85 (La.1981) the Supreme Court concluded “a party can be validly served at his place of business only by citation served on him personally.” In other words, service of process cannot be effected on a defendant by leaving the papers to be served at his place of business.
Applying the same rationale to the facts involved here, we hold a valid service of process under the Long Arm Statute cannot be effected on a defendant by directing same to his place of employment by certified mail. Accordingly, the judgment of the trial court is reversed and set aside. All costs to be borne by the appellee.
REVERSED AND SET ASIDE.

. § 3204. Service of process
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to service the process of any of its courts of general jurisdiction.
Service of process so made has the same legal force and validity as personal service on the defendant in this state. Added Acts 1964, No. 47, § 3.