This is a zoning case.
Following the denial of its request for a variance by the Board of Zoning Adjustment of the City of Muscle Shoals (Board), the LaGrange Church of the Nazarene, Inc. (Church) appealed to the Circuit Court of Colbert County. The case was tried de novo before a jury, which returned a verdict for the Church.
The Board appeals. We affirm.
A variance from the terms of a zoning ordinance may be granted "where, due to special conditions, a literal enforcement of the ordinance would result in unnecessary hardship, provided that the variance will not be contrary to public interest and the spirit of the ordinance will be observed and substantial justice done." Lawless v. Smith,481 So.2d 1144, 1146 (Ala.Civ.App. 1985). See Ala. Code (1975), §11-52-80(d)(3).
The primary consideration in a variance case is thus whether, due to special conditions, a literal enforcement of the zoning ordinance will result in unnecessary *Page 539 
hardship. Martin v. Board of Adjustment, 464 So.2d 123
(Ala.Civ.App. 1985); Alabama Farm Bureau Mutual Casualty InsuranceCo. v. Board of Adjustment, 470 So.2d 1234 (Ala.Civ.App. 1985); Sanders v. Board of Adjustment, 445 So.2d 909
(Ala.Civ.App. 1983).
On appeal the Board dispositively contends that the trial court erred in denying its motions for a directed verdict, for a judgment notwithstanding the verdict, and for a new trial because there was not sufficient evidence that the Church would suffer an unnecessary hardship if the variance were not granted. We disagree.
Viewing the record with the attendant presumptions, we find that the following is pertinently revealed: In 1979 the Church purchased approximately twenty-two acres of land in Muscle Shoals. At the time of the purchase the Church was apparently aware that the property was zoned as an R-2 district in which churches are not a permitted use, such district being devoted primarily to single-family dwellings.
In 1979 the Church filed a request with the Board for a variance to build a church building on five acres of the property. The variance was granted, but the Church did not commence construction of the building at that time. It did, however, take steps to raise money for such construction, such as undertaking a bond issue. The Church also sold all but three acres of the original twenty-two acres. The three remaining acres appear to be part of the five acres for which the 1979 variance was granted.
It appears that in 1983 the Church learned that it would have to obtain a second variance covering the three-acre tract before it could construct a church building. This time the requested variance was denied.
The Board contends that the Church did not establish its entitlement to the variance because the only hardship it showed was mere economic hardship.
It is well established that a variance may not be granted where the property owner merely suffers a financial loss of a kind that is common to all of the property owners in the use district. See Priest v. Griffin, 284 Ala. 97, 222 So.2d 353
(1969); Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951);Lawless, 481 So.2d 1144. In our opinion, however, the financial loss which the Church will suffer if the variance is not granted is not common to that of other property owners in the area.
In 1979 the Board had granted the Church a variance on five acres for construction of a church building. The testimony of the Church's present pastor was to the effect that in reliance on that variance the Church had taken steps toward such construction. It had sold its old church building and was "half way through our bond issue" when it learned that it would have to obtain a second variance.
We find the considerable financial loss which the Church will suffer if the variance is not granted to be unique. No other property owners in the area could suffer a similar loss because no others had taken steps for construction of a building in reliance on the 1979 variance. Cf. Nelson, 255 Ala. 76,50 So.2d 244.
Moreover, contrary to the assertions of the Board, the Church presented evidence that the three-acre tract could not be put to a conforming use. The evidence revealed that the tract is located across the street from land used for farming row crops. The Church's expert witness testified that in his opinion the dust and pesticides associated with the farm land would prohibit the use of the Church property for residential purposes. The expert noted that there were other determents to the use of the property for residential purposes, such as the existence of commercial property nearby, particularly a metal building used for a tractor repair business, which was adjacent to the three-acre tract.
In our opinion in this instance the jury could conclude from such evidence that the property could not be put to a conforming use and that to force the Church to do so by denying the variance would be oppressive and unfair. Such special circumstances could make literal enforcement of the zoning ordinance an unnecessary hardship to the Church. *Page 540 
The Board further contends that any unnecessary hardship which the Church might suffer if the variance is denied is self-inflicted and the variance should thus not be granted.See Lawless, 481 So.2d 1144; Martin, 464 So.2d 123.
As noted above, it appears that the Church knew at the time it bought the property in 1979 that it was not zoned for churches. If no other events had transpired since such purchase, we might agree with the Board that the Church's hardship was self-inflicted. A significant event did take place, however. The Board granted the Church a variance on five acres of its property, the remaining three acres of which are now in dispute.
The Church's unique financial loss was incurred due to its reliance on the 1979 variance, not because it had purchased property not zoned for churches. We think this fact distinguishes this case from those in which the property owner's hardship could be said to be self-inflicted.
Finally, we would simply note that there was evidence which supports the conclusion that the construction of a church in the use district would not be contrary to the public interest.
In view of the above, we conclude that there is clearly evidence which supports the granting of the variance. Because there is such evidence, the trial court did not err in denying the Board's motions for a directed verdict, a judgment notwithstanding the verdict, and a new trial.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.