THIGPEN, Judge.
This is a zoning case.
The circuit court determined that the appellee, the Mill Bakery and Eatery, Inc. (The Mill), did not need a variance for on-premises retail liquor sales, given that this use had already been established by a previous variance. Furthermore, the trial court held that if a variance were needed, it should be granted based on The Mill’s reliance on the previous variance, and that to deny it would result in unnecessary hardship. The City of Huntsville (City) now brings this appeal.
The City contends that the trial court erred in holding that The Mill did not need a variance to sell liquor on its premises. Furthermore, the City contends that the facts in this case do not justify granting a variance based on the property owners’ alleged unnecessary hardship.
The facts in this case are largely undisputed. The property owners have a restaurant located in the medical district. Medical district zoning does not permit either restaurants or on-premises sale of alcohol. The Mill received a variance in 1981 to operate a bakery and sandwich shop and, though the variance did not specifically mention the sale of alcohol, The Mill subsequently received a Class 1 Restaurant Liquor License, allowing the sale of beer, wine, and liquor.
In 1985, The Mill applied for and was granted a Class 1 On-Premises Beer and Table Wine License, and let the former license that allowed liquor sales to lapse because a liquor license was too expensive based on the volume of its liquor sales. Thereafter, The Mill commenced renovations to the restaurant. After completing the renovations, The Mill attempted to renew its former liquor license and was told by the city that a variance would be needed. The Mill applied for a variance, and the Board of Zoning Adjustment denied the application for the variance.
An appeal to circuit court for a trial de novo resulted in a judgment in favor of The Mill. Testimony at the trial was introduced indicating that The Mill had undertaken the renovations based on the assumption that, given the previous license to sell liquor, the restaurant would again be allowed to sell liquor. Also, there was testimony that The Mill had ceased to sell liquor for longer than six months, thereby requiring a variance in order to sell liquor, which was a nonconforming use in the medical district. The City introduced testimony that the var *392 iance would have an adverse impact on the neighborhood.
We hold that though, as the City contends, The Mill may have been required to seek a variance after abandoning its nonconforming use, the dispositive issue is whether the renovations, including the addition of a bar, justify granting a variance based upon unnecessary hardship. We therefore pretermit a discussion of whether a variance was necessary.
The trial court held that The Mill relied upon its initial variance in deciding to make improvements to its premises, and to prohibit liquor sales which had previously been allowed would result in an unnecessary hardship. We agree.
The City contends that The Mill is not entitled to a variance because the only hardship it showed was mere economic hardship. Further, the City maintains that the loss suffered by The Mill is a type common to all the property owners in the medical district.
While it is true that a variance may not be granted where a property owner merely suffers a financial loss common to all the property owners in the district, see Priest v. Griffin, 284 Ala. 97, 222 So.2d 353 (1969); Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951), if the variance was not granted in the instant case, The Mill would suffer a financial loss not common to that of the other property owners in the district, in light of the cost of renovations The Mill undertook based on its reliance on the previous variance.
We find that the case of Board of Zoning Adjustment v. LaGrange Church, 507 So.2d 538 (Ala.Civ.App.1987), is on point. In that case, a church had taken steps toward construction of a new building based on a previous variance when it learned a second variance would be required. We held that the considerable financial loss which the church would suffer if the variance were not granted would be unique to it, given that no other property owners in the area had taken steps for construction of a building based on the previous variance. LaGrange Church, supra, at 539. Moreover, in LaGrange Church, the church had yet to even begin construction of the building, unlike the instant case, where the renovations have already been completed.
The City also contends that any hardship The Mill might suffer is a self-created hardship and, therefore, that no variance should be granted. Lawless v. Smith, 481 So.2d 1144 (Ala.Civ.App.1985). In Lawless, however, the property owner had bought the property under the mistaken belief that the intended use was permitted; thus, we characterized the hardship as self-inflicted. The property owner in Lawless suffered an economic loss common to all property owners in the district. The Mill’s unique financial loss would result from its reliance on the 1981 variance and subsequent liquor license, not because it had purchased property on which restaurants and liquor sales were prohibited. The Mill incurred the expense of the renovations because of its reliance on the original variance. We think this fact distinguishes this case from those in which the property owners’ hardship could be said to be self-inflicted.
Finally, we note that The Mill was operated as a restaurant which served on-premises alcohol before, yet the City produced no evidence that it had had any adverse impact on the neighborhood.
In view of the above, we hold that there was sufficient evidence to support the granting of the variance, and the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
RUSSELL, J., concurs in the result.