hSCHOTT, Chief Judge.
Plaintiff, Mitchel R. Dukov, filed a suit to annul a default judgment taken against him by 701 Corporation. The trial court granted a summary judgment in favor of Dukov and 701 has appealed. The issue is whether service of process in the underlying suit which led to the default judgment was in compliance with applicable provisions of the Louisiana Long Arm Statute, LSA-R.S. 13:3201 et seq. We affirm.
701 Corporation was a collection agent for the law firm of Breazeale, Sachse and Wilson. (Breazeale) In the underlying petition, 701 alleged that Breazeale had performed legal services for one Ronald Goux and Nutritional Rehabilitation Limited Partnership. The record contains a copy of an escrow agreement which identifies Nutritional as a Delaware partnership and Mitchel R. Dukov Corporation, an Ohio Corporation, as Nutritional’s managing general partner. Dukov signed the agreement as president of the Dukov Corporation and gave the corporation’s address as 1991 Crocker Road, Cleveland, Ohio, Attention: Mitchel R. Dukov.
The underlying petition alleged that Dukov was personally hable on the basis of a May 23, 1991, letter written by an Ohio attorney to Breazeale and a_|jMay 24, 1991, letter from Breazeale to the Ohio attorney in response. The first letter simply states that Dukov, Goux, and a third individual are raising capital for Nutritional and that upon raising a certain amount Nutritional’s debt to Breazeale would be paid in installments. In the response, Breazeale asks for a note to be signed by Nutritional and to be personally guaranteed by Dukov, Goux, and Nolan. The underlying petition then alleges the three individuals “did not object to the conditions set out in the May 24, 1991, letter” and it prays for judgment against Dukov and Goux personally along with Nutritional.
Service of process was effected upon Du-kov by certified mail addressed to him at the 1991 Crocker Road address given for the Dukov Corporation in the escrow agreement. The return receipt was signed on December 24, 1991, by one J. Huszai. 701 Corporation took a preliminary default against Dukov on May 19, 1992, and confirmed the default against him for $31,470.75 on July 15, 1992.
On March 25,1994, Dukov filed his petition to annul 701’s judgment. He alleged that the person who signed the receipt for the papers filed by 701 never notified him and he had no notice of the judgment taken against him by default until an ancillary action commenced in Ohio in December 1993.
In support of his motion for summary judgment on his petition to annul, Dukov filed his affidavit stating the following: He resided at 2 Baldwin Lane in Rocky River, Ohio, since August 1989. He has never resided at 1991 Crocker Road in Cleveland. This is the address of the Mitchel R. Dukov Corporation of which he is an employee and an officer. On December 24,1991, the corporation employed a receptionist name J. Husz-ai who resigned her employment on December 28, 1991. She was not authorized to accept mail or sign receipts for the corporation or Dukov personally. On December 24, 1991, Dukov was absent from 1991 Crocker Road and he never received any of the |3documents supposedly received by J. Husz-ai. He became aware of the proceedings and the default judgment against him only when 701 took action in Ohio to make the judgment executory there.
In response to this affidavit, 701 simply relied upon the escrow agreement and the letter of May 23 and stated that Dukov had never denied the accuracy of the 1991 Crock-er Road address given in the agreement.
In its appeal from the summary judgment, 701 Corporation contends that service of process in the underlying suit was in accordance with the Long Arm Statute because it was delivered to the address given by Dukov in the escrow agreement.
The Long Arm Statute provides that a certified copy of the petition and citation shall be sent to the defendant by registered or certified mail. § 3204. The statute further provides that no default judgment can be taken against the defendant without an affidavit of the individual who mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant “to which [affidavit] shall be *381 attached the return receipt of the defendant.” § 3205.
In the affidavit of 701⅛ attorney, John F. Whitney, verifying Long Arm Service, he stated that he sent a copy of the petition and citation to Mitchel R. Dukov at 1991 Crocker Road in Cleveland and he attached the return receipt signed by J. Huszai at that address.
The first question is whether the envelope containing the petition and citation was properly addressed. 701 Corporation was suing Dukov personally. The Crocker Road address was that of the corporation of which he was the president. His involvement in this affair with Breazeale and 701 Corporation had been in his representative capacity, not in his personal capacity. Breazeale had sought to get Dukov personally involved when it asked him to guarantee |4the note of the corporation but he declined to do so.
In any event, even if the envelop was properly addressed pursuant to § 3204 by mailing it to Dukov’s place of business a problem remains with the requirement of § 3205 that a return receipt of the defendant must be filed in the record before a default is taken. In this case the receipt was signed by one J. Huszai, not by Dukov. Since the address to which it was sent was Dukov’s place of business and not his residence we cannot regard the receipt of this third party as a receipt of the defendant Dukov. Thus, we conclude that 701 Corporation took its default without complying with § 3205.
This conclusion is entirely consistent with The Administrators of Tulane Educational Fund v. Ortego, 475 So.2d 764 (La.1985). In that case where Tulane was suing Ortego to collect a delinquent student loan and mailed the copy of the petition and citation to the school library in California where he worked the court held that service of process was not valid under the Long Arm Statute. The court held that a notice mailed pursuant to R.S. 13:3204 “must be received by defendant or by a person authorized to receive mail on his behalf.” The court noted that the librarian who received Ortego’s notice was not designated by him to receive his mail, but merely sorted it out for the school and that the defendant apparently did not receive the letter and was not even in California when the letter was received.
In the present case Dukov stated in his affidavit that he never authorized J. Huszai to receive his mail, he was not at the Crocker Road address when the notice was received and he never received the letter or knew anything about it until long after 701 Corporation took the judgment against him.
In the Tulane case the court cites for comparison Howard Avenue Realty Corporation v. McIntosh, 352 So.2d 348 (La.App. 4th Cir.1978). In that ease the receipt for the papers mailed pursuant to the Long Arm Statute was ftsigned by an employee at McIntosh’s ranch who had been designated to pick up mail at the distant post office. He was employed full-time as a member of McIntosh’s household staff and business. Shortly after service was made McIntosh’s attorney sent a request to the plaintiff for an extension of time to file responsive pleadings. Under these circumstances the court held that the service of process was valid under the Long Arm Statute.
The McIntosh case is clearly distinguishable from the present case. There service was made at a ranch where McIntosh resided upon a member of his household staff, McIntosh had authorized this individual to receive his mail, and McIntosh did indeed receive the notice. None of these factors exists in the present case.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.

PLOTKIN, J., dissents with written reasons.