RICHARD L. HOLMES, Retired Appellate Judge.
This is a zoning case.
Our review of the record reveals the following pertinent facts: Horace Simmons owns two adjacent businesses, Velma’s Place and Kwik Oil Change, within the city limits of Trussville, Alabama. This property is located at the intersection of Mary Taylor Road and Highway 11 and is assigned a commercial zoning classification.
In April 1987 Simmons executed a contract with Patrick Media Group, Inc. (Patrick Media), a company which erects and maintains billboards. Under the terms of this contract, Patrick Media agreed to pay $700 per year in monthly installments to Simmons for access to his property for the purpose of erecting and maintaining a billboard. The monthly rental payments were to commence when the construction of the billboard was completed and were to continue for a period of ten years thereafter. Patrick Media’s work order for construction of this billboard is dated August 10,1987.
At some point — the record is not clear as to exactly when — Simmons applied to the City of Trussville, Alabama (City), for a sign permit to construct this billboard. Simmons testified at trial that he applied for this permit in 1988 or early 1989 and that at the time he applied for the permit, the City did not have a sign ordinance.
The sign area of the proposed billboard measures 12 feet by 25 feet or 800 square feet, and the billboard is to stand 30 feet from the ground to the bottom of the billboard.
Simmons’s attorney wrote two letters, dated July 6, 1989, and August 31, 1989, to City officials regarding Simmons’s application for this permit. By letter dated September 8, 1989, the City’s attorney responded to the August 31, 1989, letter. The September 8, 1989, letter provided the following, in pertinent part:
“I am informed that final action on the sign ordinance proposed for adoption by the [City] is expected to be taken during the month of September. As soon as the ordinance is in place, I would expect Mr. Simmons’ application to be expeditiously processed in accordance therewith.”
On October 10,1989, after many months of work, the City adopted its sign ordinance. The City adopted its sign ordinance in an effort to prevent Highway 11, which runs through the city, from becoming nothing but a commercial strip blighted with uncontrolled signage. We would note that Simmons served on the citizen’s advisory group that helped develop this sign ordinance.
By letter dated November 28, 1989, the City advised Simmons that his application for a permit to construct a billboard on his property was “denied as it does not meet the requirements of Section 13 of the [City’s] Zoning Ordinance.”
On December 1, 1989, Simmons appealed the decision to the Board of Zoning Adjustment for the City (Board), requesting a variance. Simmons’s request was denied on December 21,1989.
In January 1990 Simmons appealed the Board’s decision to the circuit court. After a jury trial the jury returned a verdict, granting the variance to Simmons on the condition that the sign area not exceed 150 square feet and that the sign otherwise comply with paragraph A of section 8.0 and other applicable ordinances of the City’s zoning ordinance. The trial court entered a judgment based upon the jury’s verdict.
The City and the Board filed a motion for a new trial, which was denied.
This appeal followed. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
*476 We would note that the primary consideration in a variance case is whether, due to special conditions, a literal enforcement of the zoning ordinance will result in unnecessary hardship. Board of Zoning Adjustment of Muscle Shoals v. LaGrange Church of the Nazarene, Inc., 507 So.2d 538 (Ala.Civ.App.1987). Put another way, would the application of the particular zoning ordinance to the property in question be so unreasonable as to constitute interference with the basic rights in private property? Ex parte Chapman, 485 So.2d 1161 (Ala.1986).
On appeal, the City and the Board contend that Simmons failed to establish that the enforcement of the City’s sign ordinance would result in undue and unnecessary hardship.
Simmons contends that an undue and unnecessary hardship resulted, he says, because of the City’s conduct in withholding the permit until the sign ordinance was in place and because such conduct resulted in economic loss.
We cannot agree.
It is well established that a variance may not be granted where the property owner merely suffers a financial loss of a kind that is common to all of the property owners in the use district. Board of Zoning Adjustment of Muscle Shoals, 507 So.2d 538. When Simmons was questioned by his attorney about what hardship Simmons sustained when he was unable to construct the billboard on his property, Simmons replied:
“I don’t know how to express that, sir. I’ve — when I bought the property, I bought it as an investment, to make a living. It’s done real good for me. But my son needed an income, so that’s when I wanted the sign.”
Additionally, we would note that a hardship which is self-inflicted or self-created cannot be the basis for seeking a variance. Ex parte Chapman, 485 So.2d 1161.
As previously noted, Simmons was a member of the citizen’s advisory group that helped develop the sign ordinance. In the September 8, 1989, letter the City informed Simmons that it wished to process his application for a permit to construct a billboard on his property in accordance with the sign ordinance after the ordinance was adopted. Yet there is nothing in the record to indicate that Simmons objected to his application being considered under the sign ordinance after it was adopted.
In light of the above, we find that the jury’s verdict and the trial court’s judgment based upon the verdict were plainly and palpably wrong. Consequently, the trial court’s judgment is due to be reversed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.