The Zoning Board of Adjustment ("the Board") of the City of Russellville ("the City") appeals a judgment granting Raymond Vernon's request for a variance from zoning restrictions set forth in the City's zoning ordinance. We reverse and remand.
Raymond Vernon owns property in the City, comprising one city block. In 1997, his daughter purchased a mobile home and installed it on his property to serve as her residence. At that time, his property was subject to the "Zoning Ordinance of Russellville, Alabama," ("the Ordinance"), and was in an area zoned as an "R-3 Residential District." The Ordinance prohibited, *Page 628 
among other things, the use of "mobile homes [and] mobile home parks." Bois Porter, the City Building Inspector, advised Vernon and his daughter that if they removed the "tongue" and "underpinned" the mobile home, the Board would grant a variance from the prohibited uses. After they made the suggested modifications, the variance was granted.
In March 2000, Vernon purchased a mobile home and moved it onto his property. Intending to lease this home for residential purposes, he removed the tongue and underpinned the unit on the site. However, before utilities were provided to this mobile home, Porter visited the site and told Vernon that he could not proceed with the installation unless he obtained a second variance from the Board.
Vernon appealed to the Board for a variance. When the Board denied Vernon's second variance request, Vernon appealed to the Franklin Circuit Court. Following a bench trial, the court entered a judgment in favor of Vernon. It found that the Board's action was "an `arbitrary and capricious interference with the basic right' of [Vernon] to utilize his property in an appropriate manner." From the denial of its motion to alter, amend, or vacate the judgment, the Board appealed.
This case is controlled by the following well-established principles:
 "The board of adjustment derives its power to grant variances from Code 1975, § 11-52-80(d)(3), which vests the Board with the following power:
 "`To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.'
 "Variances were allowed by the legislature `to permit amelioration of the strict letter of the law in individual cases.' McQuillin, Municipal Corporations
§ 25.160 (3d ed. 1983). However, variances should be sparingly granted, and only under `peculiar and exceptional circumstances' of unnecessary hardship. Priest v. Griffin, 284 Ala. 97, 101, 222 So.2d 353, 357 (1969); Martin v. Board of Adjustment, 464 So.2d 123, 125 (Ala.Civ.App. 1985). The pivotal question is whether, due to special conditions, a literal enforcement of a zoning ordinance will result in `unnecessary hardship.' Priest v. Griffin, supra; Alabama Farm Bureau Mutual Cas. Ins. Co. v. Board of Adjustment, 470 So.2d 1234, 1237 (Ala.Civ.App. 1985); Pipes v. Adams, 381 So.2d 86, 87 (Ala.Civ.App. 1980).
 "An `unnecessary hardship' sufficient to support a variance exists where a zoning ordinance, when applied to the property in the setting of its environment, is `so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property.' McQuillin, supra, at § 25.167. This Court has approved the following definition of `unnecessary hardship':
 "`No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone.'
 "City of Mobile v. Sorrell, 271 Ala. 468, 471, 124 So.2d 463, 465 (1960), quoting *Page 629 Brackett v. Board of Appeal, 311 Mass. 52, 39 N.E.2d 956
(1942). A mere hardship or inconvenience is not enough to justify a variance. McQuillin, supra, at § 25.168; Martin, 464 So.2d at 125. Moreover, the reasons for granting a variance must be `substantial, serious, and compelling.' McQuillin, supra, at § 25.167.
 "Also, a `self-inflicted or self-created hardship may not be the basis for a variance or for a claim thereof.' Thompson, Weinman Co. v. Board of Adjustments, 275 Ala. 278, 281, 154 So.2d 36, 39
(1963); Martin, supra. `When the owner himself by his own conduct creates the exact hardship which he alleges to exist, he certainly should not be permitted to take advantage of it.' Josephson v. Autrey, 96 So.2d 784, 789 (Fla. 1957), cited with approval in Thompson, Weinman Co., supra."
Ex parte Chapman, 485 So.2d 1161, 1162-63 (Ala. 1986) (emphasis added) (footnote omitted). "Hardship alone is not sufficient. The statute says `unnecessary hardship,' and mere financial loss of a kind which might becommon to all of the property owners in a use district is not an `unnecessary hardship.'" Nelson v. Donaldson, 255 Ala. 76, 84,50 So.2d 244, 251 (1951) (emphasis added). The proliferation of variances "tend[s] to destroy or greatly impair the whole system of zoning." Priestv. Griffin, 284 Ala. 97, 102, 222 So.2d 353, 357 (1969).
The trial court made findings of fact based on evidence presented oretenus. Nevertheless, we review its judgment de novo, because the dispositive issue is a legal one. The ore tenus presumption of correctness applies to findings of fact, not to conclusions of law. SeeEx parte Cater, 772 So.2d 1117, 1119 (Ala. 2000); Eubanks v. Hale,752 So.2d 1113, 1144-45 (Ala. 1999); McCluney v. Zap Prof'l Photography,Inc., 663 So.2d 922, 924 (Ala. 1995) ("The ore tenus rule applies only to the trial judge's factual findings on disputed evidence"). We assume the trial court's factual findings are correct, but we conclude that it misapplied the well-established legal principles set out above. More specifically, a property owner is not entitled to a variance where the hardship suffered because of the zoning restriction is "self-inflicted or self-created." It is undisputed that Vernon knew of the zoning restriction against mobile homes before he purchased his mobile home. Nevertheless, he purchased the mobile home without first seeking and securing a variance. Clearly, Vernon's hardship is self-created.
Vernon, however, cites two cases, which, he argues, recognize an exception to the self-created-hardship rule, namely, Board of ZoningAdjustment of Huntsville v. Mill Bakery Eatery, Inc., 587 So.2d 390
(Ala.Civ.App. 1991); and Board of Zoning Adjustment of Muscle Shoals v.LaGrange Church of the Nazarene, Inc., 507 So.2d 538 (Ala.Civ.App. 1987). Those cases, however, are distinguishable.
LaGrange involved the following facts: The LaGrange Church of the Nazarene, Inc. ("the Church"), purchased property in an area not zoned for churches and subsequently obtained a variance to construct a church building on a five-acre tract of that property. LaGrange, 507 So.2d at 539. In an attempt to raise money for the proposed construction, the Church sold two of the five acres. After it sold the property, it was informed that a second variance would be necessary in order to construct the building on the remaining three acres. Id. The second variance, however, was denied. Id.
The Church appealed the denial, and a jury returned a verdict for the Church. The Court of Civil Appeals affirmed the *Page 630 
judgment entered on that verdict. It noted that a variance should "not be granted where the property owner merely suffers a financial loss of a kind that is common to all of the property owners of the use district." 507 So.2d at 539. It concluded, however, that, because the Church had relied on the first variance, it had suffered a unique hardship. Specifically, it explained: "The Church's unique financial loss was incurred due to its reliance on the 1979 variance, not because it had purchased property not zoned for churches." Id. at 540.
Relying on LaGrange, the Court of Civil Appeals in Mill Bakery held that the Mill Bakery and Eatery, Inc. ("The Mill"), was entitled to a second variance to sell liquor on its premises, where it had formerly sold liquor under a license that had expired. Additionally, The Mill had renovated its property under the assumption that it could renew its expired liquor license. 587 So.2d at 391. The Court of Civil Appeals stated that "if the [second] variance was not granted . . ., The Mill would suffer a financial loss not common to that of the other propertyowners in the district, in light of the cost of renovations The Mill undertook based on its reliance on the previous variance." Id. at 392 (emphasis added). The court further stated: "The Mill's unique financial loss would result from its reliance on the [first] variance and [consequent] liquor license, not because it had purchased property on which restaurants and liquor sales were prohibited." Id.
Vernon argues that he is similarly situated to the Church and The Mill. Like the Church and The Mill, he is entitled to rely, he contends, on the variance, by which he installed his daughter's mobile home, for the right to install his mobile home. We disagree with this contention.
LaGrange and Mill Bakery were decided based on a quasi-estoppel theory. Assuming — without deciding — that the two cases were correctly decided, Vernon's reliance on them is misplaced. In each of those cases, successive variances were sought from zoning restrictions for the identical use. In LaGrange, the first variance was granted, and the second one denied, for the construction of the same church building on the same property. In Mill Bakery, the first variance was granted, and the second one denied, for the sale of liquor on the same premises. This case, by contrast, involves variances for two distinct uses, namely, two mobile homes. The first variance allowed Vernon to install a mobile home as a residence for his daughter. The second variance was sought three years later, not with regard to his daughter's mobile home, but to allow Vernon to install a second mobile home for a purpose wholly unrelated to the installation of the first mobile home.
These are not technical distinctions. Vernon was not entitled to rely on one variance as a basis on which to install an indeterminate number of mobile homes — or even a second mobile home — in the zoning district. Were we to adopt Vernon's proposed rule, zoning boards of adjustment would be reluctant to grant a single variance out of concern that one such variance could precipitate the evisceration of their power to enforce use restrictions. Such a rule "would tend to destroy or greatly impair the whole system of zoning." Priest v. Griffin,284 Ala. at 102, 222 So.2d at 357.
In short, Vernon's self-created financial hardship is not of a nature uncommon to property owners in the district. For that reason, the trial court erred in granting the variance. The judgment is, therefore, reversed, and the cause is remanded for *Page 631 
further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, LYONS, and JOHNSTONE, JJ., concur.