WISE, Justice.
One of the defendants below, John Robert Lanier, appeals from the denial of his motion to alter, amend, or vacate the judgment pursuant to Rule 59, Ala. R. Civ. P., and for relief from the judgment pursuant to Rule 60, Ala. R. Civ. P. Lanier’s motion was filed after the plaintiff, McMath Construction, Inc., filed a “Notice of Filing of Foreign Judgment” pursuant to the Uniform Enforcement of Foreign Judgments Act (“the UEFJA”), § 6-9-230 et seq., Ala.Code 1975. We reverse and remand.

Facts and Procedural History

McMath filed an action in the district court of the Parish of St. Tammany, Louisiana (“the Louisiana court”), against Lanier, Michael Veazey, and LT & C, Inc., a company in which Lanier was a part owner (“the Louisiana litigation”). Service of the Louisiana litigation was attempted by certified mail addressed to Lanier at “7801 Hwy. 59 South, Foley, AL 36535.” Lanier’s mother, Sharon Lanier, signed the return receipt for the mail on March 21, 2007.
In their briefs to this Court, the parties state that, on September 5, 2007, the Louisiana court entered a preliminary default judgment in favor of McMath and against Lanier, Veazey, and LT & C (“the preliminary default judgment”). The record indicates that, on February 8, 2011, the Louisiana court entered an order in which it confirmed the preliminary default judgment (“the Louisiana judgment”). On October 4, 2011, McMath filed in the Mobile Circuit Court a “Notice of Filing of Foreign Judgment” pursuant to the UEFJA, to which it attached a certified copy of the Louisiana judgment.
On November 28, 2011, Lanier and LT & C (hereinafter collectively referred to as “the defendants”) filed a motion to alter, amend, or vacate pursuant to Rule 59 and for relief from the judgment pursuant to Rule 60 (“motion for relief from judgment”), in which they alleged, among other things, that the Louisiana judgment was void. The defendants based their contention, in part, on their assertion that Lanier had not been properly served before the Louisiana court entered the preliminary default judgment. McMath filed an opposition to the defendants’ motion for relief from judgment, and Lanier filed a reply to McMath’s opposition. On November 26, 2012, the trial court entered an order denying the motion for relief from judgment. This appeal followed.

Standard of Review

“The review applicable to a Rule 60(b)(4) motion is de novo. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. Satterfield v. Winston Indus., Inc., 553 So.2d 61, 64 (Ala.1989); Smith v. Clark, 468 So.2d 138, 141 (Ala.1985); Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978). The only question before us is whether the judgment is void. Satterfield, 553 So.2d at 64; Smith, 468 So.2d at 141; Seventh Wonder, 364 So.2d at 1174. A judgment is void only if the court rendering it lacked jurisdiction over the subject matter or over the parties, or if it acted in a manner inconsistent with due process. Satterfield, 553 So.2d at 64; Smith, 468 So.2d at 141; Seventh Wonder, 364 So.2d at 1174.
“The Constitution of the United States, Article IV, Section 1, requires that ‘full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.’ A judgment, therefore, entered by the court of another state having *977 jurisdiction over the subject matter and persons is entitled to full faith and credit in Alabama courts. Teng v. Diplomat National Bank, 481 So.2d 1202 (Ala.1983); Morse v. Morse, 894 So.2d 950 (Ala.1981).
“The validity and effect of a foreign judgment are determined by the law of the state in which it was rendered. Teng, 431 So.2d at 1203; Morse, 394 So.2d at 951; Forbes v. Davis, 187 Ala. 71, 65 So. 516 (1914). If a judgment of a sister state is properly authenticated and filed with the circuit court, [as provided for in the UEFJA, Ala.Code 1975,] §§ 6-9-232, 6-9-233, a presumption arises that the court rendering that judgment had jurisdiction to do so. See Teng, 431 So.2d at 1203. Therefore, the party challenging the judgment has the burden of asserting lack of jurisdiction and producing evidence to overcome the presumption. Id.”
Greene v. Connelly, 628 So.2d 346, 351 (Ala.1993), abrogated on other grounds by Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638 (Ala.2003).
“The nature of our review of the legal conclusions of a trial court is de novo. City of Russellville Zoning Bd. of Adjustment v. Vernon, 842 So.2d 627 (Ala.2002). However, ... the scope of our review in this case is limited to examining whether the issue of personal jurisdiction was ‘fully and fairly litigated and finally decided’ in Virginia.”
Omega Leasing Corp. v. Movie Gallery, Inc., 859 So.2d 421, 422 (Ala.2003).
“ ‘Before enforcing a foreign judgment, Alabama courts may inquire into the jurisdiction of the foreign court. “The scope of the inquiry is limited to ‘(1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court, and (2) whether the issue of jurisdiction was finally decided by the foreign court.’ ” ’
“McGouryk [v. McGouryk], 672 So.2d [1300,] 1302 [ (Ala.Civ.App.1995) ] (quoting Feore v. Feore, 627 So.2d 411, 413 (Ala.Civ.App.1993), quoting in turn Alston Elec. Supply Co. v. Alabama Elec. Wholesalers, Inc., 586 So.2d 10, 11 (Ala.Civ.App.1991)). ‘The burden is on a party challenging the validity of the foreign judgment to assert and demonstrate the rendering court’s lack of jurisdiction.’ Menendez [v. COLSA Inc.], 852 So.2d [768,] 771 [ (Ala.Civ.App.2002)] (citing Greene v. Connelly, 628 So.2d 346, 351 (Ala.1993)).”
Bartlett v. Unistar Leasing, 931 So.2d 717, 720 (Ala.Civ.App.2005).
“The special writing in Ex parte Lanier Worldwide, [Inc., 922 So.2d 115 (Ala.Civ.App.2005) ], indicates that where, as here, res judicata principles do not bind an Alabama court to any particular conclusion regarding the existence of a foreign court’s jurisdiction, ‘the courts of this state may and should inquire into the jurisdiction of a foreign court whose judgment is sought to be enforced in this state and that, in so doing, the courts of this state are to make their own determination on the merits as to whether that foreign judgment is void.’ 922 So.2d at 120-21. We are, however, bound by a duty to afford full faith and credit to judicial proceedings of our sister states, a duty that partakes of both constitutional and statutory dimensions. See U.S. Const, art. IV, § 1, and 28 U.S.C. § 1738; see also [Package Express Center, Inc. v.] Maund, 957 So.2d [1137,] 1140 [(Ala.Civ.App.2006)]. We must, therefore, analyze the validity of the judgment that Lanier sought to register under the law of the state whose courts rendered it.... E.g., Morse v. Morse, 394 So.2d 950, 951 (Ala.1981).”
*978 Lanier Worldwide, Inc. v. Crum, 976 So.2d 451, 454 (Ala.Civ.App.2007).
Based on the record before this Court, it does not appear that the Louisiana court litigated the issue whether Lanier was properly served in the Louisiana case before entering the preliminary default judgment.[1] Thus, the doctrine of res judicata does not bind this Court to any particular conclusion regarding the existence of the jurisdiction of the Louisiana court. See Lanier Worldwide, supra. Therefore, this Court is to make its own determination on the merits as to whether the Louisiana judgment is void. Id. However, we must analyze the validity of the Louisiana judgment against Lanier under Louisiana law. See Greene, supra; Lanier Worldwide, supra.

Discussion

Lanier argues that the Louisiana judgment cannot be enforced against him in Alabama because, he says, that judgment is void. Specifically, he contends that the Louisiana judgment is void because, he says, he was not properly served pursuant to the Louisiana Long Arm Statute, § 13:3204, La.Rev.Stat. Ann.
Article 6, La.Code Civ. Proc. Ann., provides:
"(a) Contrary to the assertion of Lanier counsel within ¶ 9 of 'Defendants' Reply To Opposition To Motions Filed Pursuant to Rules 59 and 60 ("Reply”),' filed in the Within Civil Action on March 29, 2012, to the effect that 'Defendants are filing a pro se action in Louisiana to nullify the judgment against them,' no such 'pro se action’ has been filed to date in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana. In addition, contrary to the 'Certificate of Service’ signed by Lanier and dated March 29, 2012, upon Exhibit 'H' annexed unto said Defendants' Reply, such a Petition to Annul has not been delivered to my law office as such indicates, nor has same been received by my senior partner, John S. Lawrence, Jr., or David P. Curlin, co-counsel, with whom I am associated.”
“A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires:
“(1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.
“(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state.
“(3) The submission of the party to the jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception.
“B. In addition to the provisions of Paragraph A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and with the Constitution of the United States.”
Article 1201, La.Code Civ. Proc. Ann., provides, in pertinent part:
“A. Citation and service thereof are essential in all civil actions except sum *979 mary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children’s Code. Without them all proceedings are absolutely null.”
Section 13:3204, La.Rev.Stat. Ann., provides, in pertinent part:
“A. In a suit under R.S. 13:3201,[2] a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
[[Image here]]
“C. Service of process so made has the same legal force and validity as personal service on the defendant in this state.”
With regard to default judgments, § 13:3205, La.Rev.Stat. Ann., provides:
“No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:
“(1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or
“(2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier’s confirmation of delivery; or
“(3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.”
In Corte v. Cash Technologies, Inc., 843 So.2d 1162 (La.Ct.App.2003), the Louisiana Court of Appeals for the First Circuit stated:
“Jurisdiction over a person who has not submitted or waived objection is based upon service of process on the defendant. La. C.C.P. [Code of Civil Procedure] art. 6. Citation and service thereof are essential in all civil actions except summary and executory proceedings and certain divorce actions. La. C.C.P. art. 1201. Without them, all proceedings are absolutely null. Id.
“Louisiana Code of Civil Procedure article 1701, addressing judgment by default, provides, that if a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be en *980 tered against him. A default judgment may not be taken against a person who has not received citation and service thereof. Clay v. Clay, 389 So.2d 31, 35-36 (La.1979)....
“Service of process on non-residents such as the defendant corporations involved in this suit must be effected by complying with the Long Arm Statute, a statute that permits our courts to exercise in personam jurisdiction over nonresidents to the fullest extent allowed by the due process clause of the Fourteenth Amendment of the United States Constitution. Clay v. Clay, 389 So.2d at 37. La. R.S. 13:3204 A sets forth the mandatory manner in which service of process must be made under the Long Arm Statute:
“ ‘A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.’
“La. R.S. 13:3205 provides that no default judgment can be rendered against the defendant until thirty days after the filing in the record of an affidavit showing compliance with Section 3204. Section 3205 reads as follows:
“ ‘No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
“ ‘(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
“ ‘(b) actually delivered the process to the defendant, showing the date, place and manner of delivery.’
“The words ‘default judgment’ used in this section l’efer to the preliminary default judgment rather than the confirmation of default. Howard v. A & M Const. Co., 93-1013, p. 9 (La.App. 1st Cir.4/29/94), 637 So.2d 575, 580.
[[Image here]]
“The provisions of La. R.S. 13:3205 are mandatory. Clay v. Clay, 389 So.2d at 37. A preliminary default judgment obtained without strict compliance with the procedural requirements of La. R.S. 13:3205 is an absolute nullity.... A judgment confirming a default judgment that is obtained on the basis of an invalid preliminary default is, likewise, a nullity. Livingston Parish Police Jury v. Patterson, 589 So.2d 9, 10 (La.App. 1st Cir.1991); Davis v. Tele-Total, Inc., 465 So.2d 948, 949 (La.App. 2d Cir.1985).”
834 So.2d at 1165-67.
In this case, McMath submitted evidence indicating that process in the Louisiana litigation was delivered by certified mail on March 21, 2007, and that the certified mail was addressed to Lanier at “7801 Hwy. 59 South, Foley, Alabama 36535.” McMath also submitted evidence showing that that was the address listed for Lanier with the Alabama Home Builder’s Licen-sure Board for 2007. Additionally, McMath submitted evidence indicating that, in September 2007, Lanier and his wife executed a mortgage and that the borrower’s address listed on that mortgage *981 was “7801 Hwy 59, Unit_, Foley, AL 36535.”
In the motion for relief from judgment, the defendants asserted that Lanier was being sued personally. In his affidavit, Lanier asserted that he was not properly served with the initial petition in the Louisiana litigation; that the address to which the certified mail was sent was not the office of LT & C; that the address to which the certified mail was sent was not his residence; that the address to which the certified mail was sent was the location of his wife’s former dental practice; that, although the office of LT & C was located in the same building complex as his wife’s former dental practice, it was not in the office matching the address included on the certified mail;[3] and that, at the time the process was delivered, he had moved from Baldwin County to Covington County. Lanier also asserted that the certified mail was accepted by his mother, who had been the bookkeeper for his wife’s former dental practice; that his mother was not an agent, servant, or employee of LT & C; that his mother did not work for him; and that his mother did not have any authority to accept mail on his behalf or to accept service of process either for him personally or for LT & C.
In Drago v. Drago, 477 So.2d 786, 788 (La.Ct.App.1985), the Louisiana Court of Appeals for the Fifth Circuit stated:
“In Louisiana service of process can be effected on a defendant either personally or at his domicile by leaving the papers with a competent person at the defendant’s domicile. In Roper v. Dai-ley, 393 So.2d 85 (La.l981)[,] the Supreme Court concluded ‘a party can be validly served at his place of business only by citation served on him personally.’ In other words, service of process cannot be effected on a defendant by leaving the papers to be served at his place of business.”
(Emphasis added.)
Further, in Dukov v. 701 Corp., 668 So.2d 379 (La.Ct.App.1996), the Louisiana Court of Appeals for the Fourth Circuit addressed a summary judgment entered in favor of Mitchel R. Dukov in his suit seeking to annul a default judgment entered in favor of 701 Corporation. The issue on appeal was whether the service of process that led to the default judgment complied with the applicable provisions of Louisiana’s Long Arm Statute. That case involved an escrow agreement for legal services the law firm of Breazeale, Sachse, and Wilson (“Breazeale”) provided to Ronald Goux and Nutritional Rehabilitation Limited Partnership. The escrow agreement indicated that Nutritional Rehabilitation was a Delaware Corporation and that Dukov Corporation, an Ohio Corporation, was the managing general partner for Nutritional Rehabilitation. Dukov signed the escrow agreement as the president of the Dukov Corporation and gave the corporation address as “1991 Crocker Road, Cleveland, Ohio, Attention: Mitchel R. Du-kov.” Dukov, 668 So.2d at 380. The underlying petition sought a judgment against Dukov individually as well against Nutritional Rehabilitation and Goux. Service of process for Dukov was effected by certified mail at the address listed for Du-kov Corporation. The return receipt for the process was signed by J. Huszai on December 24,1991.
*982 In December 1991, 701 Corporation, the collection agency for Breazeale, took a default judgment against Dukov. Subsequently, Dukov filed a petition to annul 701 Corporation’s judgment. Dukov submitted an affidavit giving the address for his residence; stating that he had not ever resided at the Crocker Road address; stating that that was the address for Du-kov Corporation; stating that Huszai had resigned her employment on December 28, 1991; stating that Huszai was not authorized to accept mail or sign receipts either for the corporation or for Dukov personally; and stating that he had not ever received any of the documents supposedly received by Huszai.
On appeal, 701 Corporation argued that service under the Long Arm Statute was proper because the mail was delivered to the address given by Dukov in the escrow agreement. The Louisiana Court of Appeals for the Fourth Circuit addressed this issue as follows:
“The Long Arm Statute provides that a certified copy of the petition and citation shall be sent to the defendant by registered or certified mail. § 3204. The statute further provides that no default judgment can be taken against the defendant without an affidavit of the individual who mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant ‘to which [affidavit] shall be attached the return receipt of the defendant.’ § 3205.
“In the affidavit of 701’s attorney, John F. Whitney, verifying Long Arm Service, he stated that he sent a copy of the petition and citation to Mitchel R. Dukov at 1991 Crocker Road in Cleveland and he attached the return receipt signed by J. Huszai at that address.
“The first question is whether the envelope containing the petition and citation was properly addressed. 701 Corporation was suing Dukov personally. The Crocker Road address was that of the corporation of which he was the president. His involvement in this affair with Breazeale and 701 Corporation had been in his representative capacity, not in his personal capacity. Breazeale had sought to get Dukov personally involved when it asked him to guarantee the note of the corporation but he declined to do so.
“In any event, even if the envelope was properly addressed pursuant to § 3204 by mailing it to Dukov’s place of business a problem remains with the requirement of § 3205 that a return receipt of the defendant must be filed in the record before a default is taken. In this case the receipt was signed by one J. Huszai, not by Dukov. Since the address to which it was sent was Du-kov’s place of business and not his residence we cannot regard the receipt of this third party as a receipt of the defendant Dukov. Thus, we conclude that 701 Corporation took its default without complying with § 3205.
“This conclusion is entirely consistent with The Administrators of Tulane Educational Fund v. Ortego, 475 So.2d 764 (La.1985). In that case where Tulane was suing Ortego to collect a delinquent student loan and mailed the copy of the petition and citation to the school library in California where he worked the court held that service of process was not valid under the Long Arm Statute. The court held that a notice mailed pursuant to R.S. 13:3204 ‘must be received by defendant or by a person authorized to receive mail on his behalf.’ The court noted that the librarian who received Ortego’s notice was not designated by him to receive his mail, but merely sorted it out for the school and that the *983 defendant apparently did not receive the letter and was not even in California when the letter was received.
“In the present case Dukov stated in his affidavit that he never authorized J. Huszai to receive his mail, he was not at the Crocker Road address when the notice was received and he never received the letter or knew anything about it until long after 701 Corporation took the judgment against him.
“In the Tulane case the court cites for comparison Howard Avenue Realty Corporation v. McIntosh, 352 So.2d 348 (La.App. 4th Cir.1978). In that case the receipt for the papers mailed pursuant to the Long Arm Statute was signed by an employee at McIntosh’s ranch who had been designated to pick up mail at the distant post office. He was employed full-time as a member of McIntosh’s household staff and business. Shortly after service was made McIntosh’s attorney sent a request to the plaintiff for an extension of time to file responsive pleadings. Under these circumstances the court held that the service of process was valid under the Long Arm Statute.
“The McIntosh case is clearly distinguishable from the present case. There service was made at a ranch where McIntosh resided upon a member of his household staff, McIntosh had authorized this individual to receive his mail, and McIntosh did indeed receive the notice. None of these factors exists in the present case.”
Dukov, 668 So.2d at 380-81 (emphasis other than first emphasis added).
In this case, Lanier stated that the address on the certified mail was not his residence. McMath has not presented any evidence to dispute that assertion. At most, McMath presented evidence indicating that the address on the certified mail was the address Lanier had listed with the Alabama Home Builder’s Licensure Board. Also, Lanier asserted that the certified mail was not actually delivered to LT & C’s office in the business complex. Rather, he asserted that it was delivered to the office of his wife’s former dental practice. Regardless, the evidence before the trial court establishes that the process in the Louisiana litigation was not served at La-nier’s domicile. Therefore, under Louisiana law, process should have been served on Lanier personally.
McMath does not dispute that the process was not personally served on Lanier. In fact, the undisputed evidence established that it was Lanier’s mother who signed for the certified mail. However, in his affidavit, Lanier stated that his mother did not work for him, that she was not an employee or agent for LT & C, and that she was not authorized to accept mail or service of process for him or for LT & C. McMath did not present any evidence to refute Lanier’s assertions in this regard. Thus, the facts in this case are substantially similar to the facts that were presented in Dukov. Accordingly, even if McMath had properly addressed the process in the Louisiana litigation and even if that process had been delivered to the proper address, the service of process still did not strictly comply with Louisiana’s Long Arm Statute because it was not personally served on Lanier.
McMath also argues that, in his affidavit, Lanier never denied that he was advised of the Louisiana litigation and/or that he was a named individual defendant in the Louisiana litigation. Therefore, McMath argues:
“[I]n order for Lanier to prevail in setting aside default judgment we would have to believe that his mother, Sharon Lanier, never gave him the envelope for which she signed on May 21, 2007, nor *984 did she ever advise him that she had so signed. Obviously, Lanier’s carefully crafted language asserting only that his mother ‘had no authority to accept mail on’ his behalf is suspect.”
(McMath’s brief, at p. 11.) However, in Naquin v. Titan Indemnity Co., 779 So.2d 704 (La.2001), the Louisiana Supreme Court addressed an argument that the fact that the defendants had actual knowledge of the pending suit obviated the need for service of citation as follows:
“[I]t is well-accepted that even a defendant’s actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions. See, e.g., Peschier v. Peschier, 419 So.2d 923 (La.1982); Strong’s Plumbing, Inc. v. All Seasons Roofing & Sheet Metal, Inc., 32-783 (La.App. 2 Cir. 3/1/00), 754 So.2d 336, 338; Kimball v. Kimball, 93-1364 (La.App. 1 Cir. 5/20/94), 637 So.2d 779; Scullin v. Prudential Ins. Co. of America, 421 So.2d 470 (La.App. 4 Cir.1982). The argument that the defendants’ knowledge of Na-quin’s suit can somehow fill the role of service of citation lacks merit.”
Naquin, 779 So.2d at 710. Thus, whether Lanier had actual knowledge of the Louisiana litigation is not relevant to the question whether Lanier was properly served in that case.
The above facts establish that, under Louisiana law, McMath did not properly serve Lanier in the Louisiana litigation. See Dukov, supra, and Drago, supra. Therefore, the preliminary default judgment and the Louisiana judgment are void. See Corte, supra. Because the Louisiana judgment is void, the trial court erred when it denied Lanier’s motion for relief from judgment. Accordingly, we reverse the trial court’s judgment and remand this case for proceedings consistent with this opinion.[4]
REVERSED AND REMANDED.
MOORE, C.J., and STUART, PARKER, and SHAW, JJ., concur.

. In their reply to McMath’s opposition to the motion for relief from judgment, the defendants asserted that they were filing a pro se action in Louisiana to nullify the Louisiana judgment. The defendants attached a copy of a "Petition to Annul Judgment." However, that copy does not indicate that it was filed in the Louisiana court. Additionally, in its evi-dentiary submissions in opposition to the defendants’ motion for relief from judgment, McMath attached an affidavit from Matthew L. Devereaux, the attorney who represented McMath in the Louisiana litigation. In his affidavit, Devereaux stated:

. Section 13:3201, La.Rev.Stat. Ann., provides for personal jurisdiction over nonresidents.

. Lanier asserts that his wife's former dental office was in a different suite than the office for LT & C. McMath attached a copy of the return receipt as an exhibit to Matthew Devereaux’s affidavit. See supra note 1. That return receipt indicated that it was addressed to “7801 Hwy 59 South, Foley, AL 36535.” The return receipt did not include any specific suite or office designation.

. Based on our holding, we pretermit discussion of Lanier’s remaining arguments as to why service in the Louisiana litigation was improper.